FRANKLIN PORTER *vs.* WILLIAM H. WARREN.

Norfolk. Jan. 26. — Feb. 29, 1876. ENDICOTT & DEVENS, JJ., absent.

Goods in the possession of a mortgagee were attached as the property of the mortgagor under the Gen. Sts. *c.* 123, § 67, and the mortgagee summoned as trustee. The goods were then sold by the attaching officer as perishable property under the Gen. Sts. *c.* 123, §§ 73–77, and the proceeds of the sale, after deducting the expenses thereof, were less than the amount of the mortgage, though the market value of the goods at the time of the attachment was greater than the mortgage. After the sale the attaching creditor discontinued against the trustee. *Held,* in an action of tort by the mortgagee against the attaching officer, that the Gen. Sts. *c.* 123, § 67, applied only to an attachment of goods in the possession of the mortgagor; that the attachment was void; that the attaching creditor could not by a discontinuance against the trustee turn the attachment into one under the Gen. Sts. *c.* 123, § 62; that the officer was a trespasser *ab initio,* and liable for the amount of the mortgage debt.

TORT, by a mortgagee of personal property against an attaching officer, for the conversion of the mortgaged property. Trial in the Superior Court, before *Allen,* J., who, by consent of the parties before verdict, reported the case for the consideration of this court on the question whether judgment should be entered for the plaintiff for the sum of $827.46, the amount of the mortgage debt, or for the sum of $775.25, the net proceeds of the sale of the goods by the defendant, who sold them as perishable property under the Gen. Sts. *c.* 123, §§ 73–77. The facts of the case appear in the opinion.

*W. E. Jewell*, for the plaintiff.

*J. F. Kilton*, for the defendant.

MORTON, J.   The material facts in this case are as follows :
The plaintiff, being the mortgagee of certain goods, took posses-
sion of them under his mortgages for a breach of the condition
thereof.   The defendant, who is a deputy sheriff, on March 30,
1875, while the goods were in the possession of the plaintiff,
attached and seized them upon two writs against the mortgagor,
both served upon the same day.   One was a writ in favor of
Thomas S. Nowell, in which the plaintiff was summoned as trus-
tee, and the other a common writ of attachment in favor of John
Bath.   On the same day the plaintiff duly made a demand in
writing upon said Bath for the amount due under his mortgages,
in pursuance of the Gen. Sts. *c.* 123, §§ 62, 63, but no payment
or offer of payment of the amount due under the mortgages was
ever made by Bath.   On June 25, 1872, the defendant, upon the
application of Nowell, both parties not consenting, sold the goods
pursuant to the provisions of the Gen. Sts. *c.* 123, §§ 73–77, the
proceeds of the sale, after deducting expenses, amounting to a
sum less than the sum due on the plaintiff's mortgages.   Both
of said writs were entered in the Superior Court, judgments
were obtained against the mortgagor, and the executions issuing
thereon were levied upon the proceeds of said sale in the hands
of the officer.   In the suit of Nowell, in which this plaintiff was
summoned as trustee, the said Nowell, on October 1, 1872, before
he took judgment, discontinued against the trustee.

Upon these facts, it is clear that the attachment made in the
suit of Bath was dissolved by the failure of the attaching creditor
to pay or tender the amount for which the property was liable, to
the mortgagee, within ten days after it was demanded.   Gen.
Sts. *c.* 123, §§ 62, 63.   This attachment, therefore, cannot avail
the defendant as a justification of his acts, but he must rely
solely upon the legality of the attachment made in the suit of
Nowell.

The statutes provide three modes in which a creditor may at-
tach the personal property of his debtor which is subject to a
mortgage.

If the property is in the possession of the mortgagee, he may
sue out a trustee process in the common form, in which the mort-

gagee is summoned as trustee of the mortgagor, and, upon paying the amount due the trustee, the latter is required to deliver the property to the officer who holds the execution. Gen. Sts. *c.* 142, §§ 55–59. *Hooton* v. *Gamage,* 11 Allen, 354.

A second mode is provided by the Gen. Sts. *c.* 123, § 62, by which the creditor may attach the personal property of his debtor which is subject to a mortgage, whether it be in the possession of the mortgagor or mortgagee, in the same manner as if it were unincumbered, provided he pays or tenders to the mortgagee the amount for which the property is liable within ten days after the same is demanded.

Section 67 of the same chapter provides, as the third method, that, if the property is in the possession of the mortgagor, it may be attached in the same manner as if it was unincumbered, and the mortgagee may be summoned in the same action in which the property is attached as the trustee of the mortgagor, to answer any questions which may be put to him by the court in their order touching the consideration of the mortgage and the amount due thereon.

It is clear that in this case the creditor attempted to avail himself of the third mode above stated. He made an attachment by an actual seizure of the property, and in the same suit summoned the mortgagee as trustee of the mortgagor. This remedy is not open to him unless he brings himself within the provisions of § 67, above cited. But this section applies only to cases where the property is in the possession of the mortgagor, and in this case it is shown that the property, at and before the time of he attempted attachment, was in the possession of the mortgagee. It follows that the attachment in the suit of Nowell was illegal. The plaintiff in that suit mistook his remedy. He attempted to make an attachment in a manner not authorized by law. The officer was a trespasser *ab initio,* and the mortgagee, whose rights were invaded, could at any time after the seizure of the property maintain an action of tort for its conversion, or of replevin for its recovery. *Boynton* v. *Warren,* 99 Mass. 172.

But the defendant contends that having discontinued against the alleged trustee, because upon his examination it was disclosed that he was a mortgagee in possession, he has the right to treat the attachment as made under § 62, cited above. The an-

swer is that he did not make his attachment in the manner pro-
vided in that section, which gives no authority to summon the
mortgagee as trustee. The mortgagee had a right to assume
that the remedy adopted by the attaching creditor was, as it
purported to be, the remedy provided by § 67. The rights and
duties of the mortgagee are vitally affected by the form of the
remedy which the creditor elects to adopt. If he proceeds by a
seizure of the property under § 62, it is the right and duty of the
mortgagee to state in writing a true account of the debt due him
under his mortgage, and, if the creditor does not pay this amount
within ten days after it is demanded, the attachment is dissolved.
But, if the creditor adopts the method provided in § 67, by at-
taching the property and summoning the mortgagee as trustee in
the same suit, the latter is not required to state an account and
make a demand upon the creditor, and he cannot by such de-
mand require the creditor to pay the debt; but the validity of his
mortgage and the amount due thereon is to be adjudicated by the
court, or tried by a jury at the election of the creditor. *Martin*
v. *Bayley*, 1 Allen, 381. In this case the creditor elected to pur-
sue the remedy by attaching the property and summoning the
mortgagee as trustee. He cannot afterwards, by discharging the
trustee, convert it into another remedy, to which different inci-
dents and consequences attach.

The necessary result of these considerations is that the plaintiff
is entitled to recover the value of the goods converted, to the ex-
tent of his interest as mortgagee. As the attachment was illegal
in the beginning, the officer had no right, as against the plaintiff,
to sell the goods, and the fact that the proceeds of the sale were
less than the sum due to the plaintiff is immaterial.

It is unnecessary to consider whether, as urged by the defend-
ant, relying upon the *dictum* in the closing sentence of the opin-
ion in *Jackson* v. *Colcord*, 114 Mass. 60, 62, if the attachment
had been legal, the officer could sell the property without notice
to the mortgagee. The attachment being illegal and void *ab
initio*, he had no right to sell the goods either with or without
notice to the plaintiff.

It follows that the plaintiff is entitled to judgment for the
larger sum found by the auditor.

*Judgment for the plaintiff accordingly.*