GEORGE A. DRYSDALE *vs.* HARRIS WAX & another
& trustee.

Suffolk.    November 15, 1899. — January 4, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Mortgagee of Personal Property as Trustee — Trial by Jury of Validity
of Mortgage — Statute — Condition Precedent.*

Possession of personal property by the mortgagor is a condition precedent to summoning the mortgagee as trustee under Pub. Sts. c. 161, § 79, and to a trial by jury of the validity of the mortgage under § 81 of that chapter.

CONTRACT, in which chattels were attached as the property of the defendants, and the mortgagee of the chattels was summoned as trustee under Pub. Sts. c. 161, § 79, which provides that personal property of a debtor subject to a mortgage and in the possession of the mortgagor may be attached as if unencumbered and the mortgagee or his assigns summoned as trustee. The answer of the alleged trustee disclosed him to be in actual possession as mortgagee of the chattels for the purpose of foreclosure. In the Superior Court the plaintiff filed a motion for a trial by jury and the framing of issues as to the validity of the mortgage under Pub. Sts. c. 161, § 81, which motion was denied, and the trustee was discharged.

The plaintiff appealed from the decree denying the motion, and also from the decree discharging the trustee.

*P. B. Kiernan,* for the plaintiff.

*H. W. James,* for the trustee.

HOLMES, C. J.    The proceeding under Pub. Sts. c. 161, § 79, is given only when the mortgagor is in possession of the personal property mortgaged. It is not given when the mortgagee is in possession, even if the mortgage be fraudulent as against creditors. The jury trial provided for by § 81 is a trial of the validity of the mortgage only, not a trial of the fact that the mortgagor is in possession, which is the condition precedent of the right to the jury trial. *Porter* v. *Warren,* 119 Mass. 535, 537. Other methods are given for reaching goods in the hands of the mortgagee. Pub. Sts. c. 183, § 66; c. 161, § 74. There is

nothing in the record of the case at bar to show that the mortgagor was in possession, or even that the plaintiff denied the truth of the trustee's answer that he held as mortgagee in possession, assuming for the purposes of argument that the plaintiff could deny it. Therefore there is nothing on the record which warranted the plaintiff in demanding a jury trial on the validity of the mortgage and the amount, if anything, due under it.                                    *Trustee discharged.*