SAMUEL D. JENNESS *vs.* HENRY C. SHRIEVES.

Suffolk.    January 10, 1905. — May 17, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Attachment.    Mortgage,* Of chattels.    *Trustee Process.    Conversion.*

Statutory methods of attaching mortgaged personal property discussed by LOR-ING, J.

Mortgaged personal property in the hands of a bailee of the mortgagor cannot be attached by summoning the bailee by trustee process.

Mortgaged personal property cannot be attached as if unincumbered and the mort-gagee summoned to answer questions under R. L. c. 167, §.74, when the prop-erty is in the possession of the mortgagee.

Where mortgaged personal property has been taken by the mortgagee for breach of condition and is in the hands of an auctioneer for foreclosure sale, a seizing of the property by an officer on an attempted attachment under R. L. c. 167, § 74, which is void because the property is not in the possession of the mortgagor, is a conversion.

TORT, by the mortgagee of certain articles of personal prop-erty under a mortgage made by Carrie J. Coombs against a constable of the city of Boston, for an alleged conversion of the property.    Writ in the Municipal Court of the City of Boston dated August 5, 1902.

On appeal to the Superior Court the case was tried before *Wait*, J.    It appeared that before June 4, 1902, Carrie J. Coombs was the owner of the articles of personal property in question which then were in a building numbered 377 on Colum-bus Avenue in Boston.    On that day she mortgaged them to the plaintiff to secure the payment of $100.    The mortgage was conditioned not only for the payment of the $100 but also that the mortgagor should not, except with the consent in writing of the grantee or his representative, attempt to sell or remove from

377 Columbus Avenue the articles or any part of them. It also provided that the mortgagor should have possession until default, but that after such default the grantee or those claiming under him might take immediate possession of the property. Ten days after the making of the mortgage the mortgagor removed the articles from 377 Columbus Avenue without the consent in writing of the plaintiff, the mortgagee, and placed them in the custody of one Edna F. Manchester where they remained until taken out of her possession by the plaintiff on August 1, 1902, as follows: On July 1, 1902, one Freeman took out a trustee writ against the mortgagor as defendant and the plaintiff and Edna F. Manchester as trustees, which action was still pending when the present action was brought. On August 1, 1902, the plaintiff took possession of the mortgaged articles and put them in the hands of an auctioneer for sale. On the same day a special precept was issued by the Superior Court, while the action begun by trustee process was pending, directing the officer to whom it was addressed " to attach the personal property of said defendant to the value of two hundred dollars in the hands of defendant as mortgagor aforesaid" and to "summon the said trustee, Samuel D. Jenness, . . . to appear before our justices of our said court . . . on Saturday, the ninth day of August, A. D. 1902, . . . to answer such questions as may be put to him by the court, or by its order, touching the consideration of said mortgage and the amount due thereon." The officer's return on this writ was as follows: " By virtue of this writ, I this day attached certain goods and chattels as the property of deft. and placed a keeper in charge of same, and thereafter on same day I delivered in hand to the trustee, Samuel D. Jenness, an attested copy of this precept for his appearance at court as within directed, and thereafter, on same day, I removed said keeper and stored said property, and I now hold said property in my possession subject to further order of court." It also appeared that on August 2 the plaintiff attempted to sell the goods at auction, and was prevented from doing so by the defendant's keeper, and that the articles in question were still in the possession of the defendant.

On August 5, 1902, the present action was brought for the alleged conversion of the property by the defendant in taking possession of it on August 1 and preventing its sale on August 2.

The defendant asked the judge to rule as follows:

1. Upon all the evidence, the plaintiff cannot maintain this action.

2. The action in which the plaintiff and one Manchester were summoned as trustees being still pending, this action cannot be maintained by the plaintiff.

3. If the jury find that the articles sued for were in the possession of Manchester at the time of the writ, Freeman *v.* Coombs and trustees, the plaintiff's removal of the articles from that possession was illegal, during the pendency of that action, and the defendant was justified in taking the articles, and is not liable in this action.

4. If the jury find that no notice, as required by law, was given by the plaintiff as mortgagee to the owner, or person in possession of the articles sued for, the defendant is not liable in this action.

5. The intention to foreclose the mortgage not being recorded as required by R. L. c. 198, § 5, the plaintiff had not any possession, and the defendant is not liable in this action.

6. If the jury find that the defendant attached the articles stated in the declaration while in the possession of a party other than the plaintiff, the defendant was justified in his attachment by the precept and his return thereon, and is not liable to the plaintiff in this action.

7. Upon all the evidence in this action the defendant is justified in taking the goods as constable under the writ and special precept in the action Freeman *v.* Coombs and trustees, and by reason thereof is not liable in this action.

The judge refused to rule as requested and directed the jury to return a verdict for the plaintiff. The jury assessed damages in the sum of $65; and the defendant alleged exceptions.

*H. Dunham,* (*G. F. James* with him,) for the defendant.

*A. W. Eldredge,* for the plaintiff.

LORING, J. The defendant's first contention is that the possession which the plaintiff got by taking the furniture from Manchester was wrongful, and that a wrongful possession will not support an action of trover. His argument in support of this contention is that after Manchester had been served with the trustee writ the furniture held by her was *in custodia legis,*

and the plaintiff could not rightfully get possession by taking it from her, citing in that connection *Rockwood* v. *Varnum*, 17 Pick. 289, Shaw, C. J. in *Allen* v. *Hall*, 5 Met. 263, 265. See *Martin* v. *Bayley*, 1 Allen, 381, 383.

That argument rests on the assumption that the mortgagor's interest in the furniture was attached by serving the trustee writ on Manchester. But that assumption is incorrect. The interest of a mortgagor in mortgaged personal property cannot be attached by trusteeing a bailee of that property who holds for the mortgagor. The only way in which the mortgagor's interest in such property so situated can be attached is by attaching it as if it were unincumbered on a writ of summons and attachment under R. L. c. 167, § 74.

Before St. 1829, c. 124, the mortgagor's interest in personal property under mortgage could not be attached on mesne process, *Badlam* v. *Tucker*, 1 Pick. 389, or taken on execution. *Lyon* v. *Coburn*, 1 Cush. 278.

By St. 1829, c. 124, two methods were provided for reaching the mortgagor's interest in mortgaged personal property by way of mesne attachment. One was, where the mortgaged personal property was in the hands of the mortgagee, to serve the mortgagee with a trustee writ. This is now re-enacted in R. L. c. 189, §§ 60, 61 and 62. The other method was to attach the personal property under a writ of summons and attachment as the property of the mortgagor, provided the person for whose benefit the attachment was made should first pay or tender to the mortgagee the full amount of the demand for which said property was mortgaged, following the suggestion made in *Badlam* v. *Tucker*, 1 Pick. 389, 399, 400. This method was changed in the Rev. Sts. c. 90, § 78, so as to allow mortgaged personalty to be attached as if it were unincumbered before the mortgage debt was paid, the mortgagee's rights being preserved by a provision that the attachment should be dissolved if the attaching creditor failed to pay the mortgage debt upon a demand for it being subsequently made by the mortgagee. The making of a demand by the mortgagee for payment of the mortgage debt was further regulated by St. 1843, c. 72, § 3, and St. 1844, c. 148, § 1. These provisions are now found in R. L. c. 167, §§ 69–73.

A third method for reaching the mortgagor's interest in mort-

gaged personal property was created by St. 1844, c. 148, §§ 2–6, to wit: In case the mortgaged personal property is in the hands of the mortgagor it may be attached as unincumbered and the mortgagee summoned.   If the attaching creditor pursued this method he had a right to try the validity of the mortgage. Here also the mortgagee's interest is preserved by a provision that the attachment shall be dissolved if the mortgage debt is not paid.   This is now re-enacted in R. L. c. 167, §§ 74–78.

Unless one of these three statutory methods of attaching the mortgagor's interest in mortgaged personal property is pursued, that interest cannot be reached on mesne process.   No one of these was pursued in the case at bar.   When the writ was first taken out the personal property was in the hands of a bailee of the mortgagor, and therefore could be attached only under a writ of summons and attachment as if unincumbered.   In place of pursuing that method the plaintiff undertook to attach it by summoning the bailee in a trustee writ.   It is only where the mortgaged personalty is in the hands of the mortgagee that the mortgagor's interest can be reached by summoning the person having possession thereof as a trustee in trustee process.   In the case at bar nothing was effected by summoning Manchester as a trustee, and the plaintiff's right to take possession was in no way affected thereby.   The defendant's first contention wholly fails.

The defendant's second contention is also without foundation, namely, that the defendant was justified by the special precept used on August 1, 1902.   The special precept recites that the mortgaged property is in the hands of the mortgagor, but is mortgaged to the plaintiff, and directs the defendant to appear " to answer such questions as may be put to him by the court, or by its order, touching the consideration of said mortgage." Under it the defendant took possession of the property as unincumbered, and delivered a copy of the precept to the mortgagee.   In other words, this special precept authorized an attachment in the third method mentioned above, now R. L. c. 167, § 74.   But the validity of such an attachment depends upon the mortgaged property being in fact in the possession of the mortgagor.   *Drysdale* v. *Wax*, 175 Mass. 144.   *Porter* v. *Warren*, 119 Mass. 535.   At the time this attachment was made in

the case at bar the property was in the possession of the mortgagee, and this proceeding was void.

The facts proved showed a conversion. *Boynton* v. *Warren,* 99 Mass. 172. *Porter* v. *Warren,* 119 Mass. 535. *Duggan* v. *Wright,* 157 Mass. 228.

*Exceptions overruled.*