BENNIE SHAPIRA *vs.* HENRY L. WALKER.

Suffolk., November 21, 1916. — January 4, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Municipal Court of the City of Boston,* Report, Appellate Division.   *Conversion.*
   *Mortgage,* Of personal property.   *Officer,* Trustee Process.

If the Appellate Division of the Municipal Court of the City of Boston, acting under Rule 38 of that court, recommits to a trial judge a report made by him which was manifestly incomplete, it is proper for the judge, in order to make his report complete, to incorporate into a supplemental report a "memorandum of decision," which is a memorandum of his findings of fact and of his decision, and to refer to his first report.

If a deputy sheriff by virtue of a writ of summons and attachment makes an attachment of mortgaged personal property in the possession of the mortgagor, and, when the mortgagee makes demand upon him for the amount due on the mortgage, neither pays nor offers to pay the amount demanded nor returns the property, but retains possession thereof until after he serves upon the mortgagee a trustee writ wherein the mortgagor is the principal defendant and the mortgagee is alleged to be a trustee, and the writ of attachment never is entered in court, he is a trespasser *ab initio* as to the mortgagee and is liable to him for the full amount due upon the mortgage note and interest.

The attempted attachment under the trustee writ above described constitutes no defence to an action by such mortgagee against the deputy sheriff, because at the time when the attempted attachment was made the goods were in the possession of the deputy sheriff under the first attachment and were not in the possession of the mortgagor; and therefore R. L. c. 167, § 74, which applies only. when the mortgaged goods are in the possession of the mortgagor, had no application.

TORT for the alleged conversion of personal property, brought by a mortgagee of the property against a deputy sheriff who was

alleged to have attached and seized it without regard to the rights of the plaintiff. Writ in the Municipal Court of the City of Boston dated July 6, 1914.

The material facts in evidence at the trial in the Municipal Court are described in the opinion. The judge found for the plaintiff in the sum of $351.16, the full amount of the mortgage debt and interest, and at the request of the defendant reported the case to the Appellate Division. The proceedings relating to the report are described in the opinion. The Appellate Division ordered that the report be dismissed; and the defendant appealed.

*W. I. Schell,* for the defendant, submitted a brief.

*H. E. Burroughs,* for the plaintiff.

RUGG, C. J. The first report of the judge of the Municipal Court of the City of Boston, who heard the case, was manifestly incomplete. It was recommitted to him by the Appellate Division. He thereupon filed a supplementary report, incorporating a so called "memorandum of decision" which was in reality a finding of the facts, together with his decision, and referring to his first report. The record as a whole now presents an adequate report. All this is in conformity to law. The Municipal Court of the City of Boston has power to make rules. St. 1912, c. 649, § 8. Its Rule 38 authorizes the Appellate Division to recommit any report to a single judge for amendment at any time. Although a finding of facts by a trial court, standing by itself, is not ordinarily a part of the record, it may be embodied rightly in a report or bill of exceptions and then become a part of the record. *Cressey* v. *Cressey,* 213 Mass. 191, 192. See *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 545, 546. There is no fatal irregularity in any of the steps in procedure and practice in the case at bar. *Cohen* v. *Berkowitz,* 215 Mass. 68. *Spear* v. *Hardon,* 215 Mass. 89.

The plaintiff is a mortgagee of personal property owned by one Berman. The defendant is a deputy sheriff who, on June 17, 1914, attached this property on a writ running against Berman in favor of one Yanofsky. On the following day the present plaintiff notified the present defendant of his mortgage and made sufficient demand upon him for the payment of the amount due on his mortgage. The defendant did not pay, nor offer to pay, the amount demanded, nor return the goods. He retained possession of the goods through his keeper until June 20, when he made a new attach-

ment of the same goods by virtue of a new writ for the same cause of action, running against Berman and in favor of Yanofsky, in which Bennie Shapira, the present plaintiff, was named as "mortgagee trustee." This writ was duly served upon the mortgagee as trustee. This writ appears to have been entered in court and to be still pending. There was no evidence tending to show that the writ on which the first attachment was made was entered in court, but there was evidence that it was not so entered and that Berman, therein named as defendant, entered his summons in court and procured an execution for costs. There was a general finding in favor of the plaintiff, which necessarily included a finding that the mortgage was valid.

The failure to enter the writ on which the first attachment was made, in the absence of waiver, rendered the attaching officer a trespasser *ab initio* as to the mortgagee of the goods attached, who was no party to that action. *Russ* v. *Butterfield,* 6 Cush. 242. *Hanly* v. *Davis,* 166 Mass. 1. *Mills* v. *Sullivan,* 222 Mass. 587.

The attachment upon the second writ affords no justification to the defendant. The goods were not then in the possession of the mortgagor, but in the possession of the defendant under his first attachment. It is only "personal property which is subject to a mortgage and is in the possession of the mortgagor" which "may be attached as if unencumbered; and the mortgagee . . . be summoned in the same action . . . as the trustee of the mortgagor." R. L. c. 167, § 74. The property in question did not conform to that condition. *Porter* v. *Warren,* 119 Mass. 535. *Drysdale* v. *Wax,* 175 Mass. 144. *Jenness* v. *Schrieves,* 188 Mass. 70.

*Order dismissing report affirmed.*