GEORGE C. HASKELL *vs.* MICHAEL W. CARROLL.

Franklin. January 21, 1919. — March 4, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Attachment,* Of mortgaged personal property. *Conversion. Trustee Process. Waiver.*

An attempted attachment of mortgaged personal property under R. L. c. 167, § 74, when the property taken by the officer although on the farm of the mortgagor was in the possession of a keeper placed there by the same officer at the time of a previous attachment of the same property, is void, because the mortgaged property was not in the possession of the mortgagor when thus taken, and the taking is a conversion for which the officer is liable to the mortgagor.

Where a mortgagor of personal property has a right of action for conversion against an attaching officer who attempted to attach such property under R. L. c. 167, § 74, when it was not in the possession of the mortgagor, if the same officer makes another attempted attachment of the same property, which also is unlawful, and the mortgagor participates in the proceedings by the appointment of an appraiser at a sale of the attached property under the last writ, the mortgagor does not waive thereby his right of action against the attaching officer for the previous conversion.

*Whether* a writ of attachment by trustee process, which correctly describes the residence of the sole trustee as in one county and is made returnable in another county, is wholly void or merely voidable, here was referred to as a question which it was not necessary to decide, because the attachment was void for another reason.

TORT against a deputy sheriff for the alleged conversion of one horse, fourteen cows, two calves, one buggy, one milk cart, one "traverse" sleigh, one single sleigh and one harness. Writ dated February 11, 1916.

In the Superior Court the case was referred to an auditor, who filed a report which contained the facts that are stated in the opinion. Later the case was heard by *Quinn, J.,* without a jury. The defendant filed a motion to recommit the auditor's report, alleging that it was wrong and ought not to be accepted for the following reasons:

"1. Because the ruling of the auditor that the trustee writ returnable in the county of Worcester was not authorized by law, the attachment invalid and the defendant liable was wrong as a matter of law and that in fact said writ was justification for what the defendant did thereunder.

"2. That for the same reason the report was erroneous in finding for more than nominal damages for the plaintiff.

"3. Because the plaintiff had waived any previous conversion by participating in the proceedings under the last mentioned sale."

The defendant also, without waiving his motion to recommit or his objections to the auditor's report, asked the judge to make the following rulings:

"1. The defendant in this case in all that he did acted under precepts which justified his actions at the time of said actions.

"2. The trustee writ spoken of in the auditor's report returnable to Worcester County was not void but only voidable and might in the discretion of the court have been removed to the right county and justified the acts of the defendant in moving the property."

The judge denied the motion to recommit the auditor's report and refused to make either of the rulings requested by the defendant. He made the following findings and rulings:

"This action was tried with the actions of Samuel Freedman vs. George C. Haskell and the actions of Hattie B. Simmons, Theodore J. Haskell and Bela E. Simmons against this defendant, on the auditor's report filed in each of said cases.

"I am unable to find that on February 7, 1916, the property in question was in the possession of the plaintiff and therefore rule

that the defendant was without authority to attach the same on said date.

"I further rule that said writ dated February 7, 1916, in which Hattie B. Simmons of Orange in the county of Franklin was summoned as trustee, being returnable to the county of Worcester, the attachment of property made thereunder by the defendant was without authority and invalid."

The judge found for the plaintiff in the sum of $762.58; and the defendant alleged exceptions.

*H. W. Blake*, for the defendant.

*F. L. Greene*, for the plaintiff.

CARROLL, J. This is an action of tort for the conversion of personal property not covered by the mortgage referred to in *Simmons* v. *Carroll, post*, 428. The defendant, a deputy sheriff of Franklin County, attached the property sued for on January 31, 1916, by virtue of a writ in favor of Samuel Freedman, of Athol, against the plaintiff, a resident of Orange, Franklin County, and placed the property in the hands of a keeper, but did not remove it from the premises of the plaintiff. On February 7, 1916, the defendant went to the plaintiff's farm and notified him that "the prior writ had been dropped," and attached again the same property and removed it from the premises. This writ (a trustee process in which Hattie B. Simmons of Orange was summoned as trustee) was returnable before the Superior Court in Worcester County. The writ dated January 31 was never entered in court. On February 17 the trustee process was dismissed by the Superior Court, as it was improperly made returnable in Worcester County instead of Franklin County where the trustee lived, the court denying the motion to transfer the case to Franklin County.

On February 11, 1916, the present action was brought. On February 23, on a writ between the same parties, the defendant again attached the property, and it was sold. At this sale the plaintiff appointed an appraiser. None of the property has been returned to the plaintiff.

The judge of the Superior Court in his memorandum stated that he was unable to find that on February 7 the property was in the possession of the plaintiff, and ruled that the defendant was without authority to attach the property on that day. He further ruled that the attachment made under the trustee process of

February 7, returnable in Worcester County, was without authority and was invalid. He found that the plaintiff was entitled to recover for the property not covered by the mortgage, in the sum of $762.58.

The defendant requested the judge to rule that the defendant "acted under precepts which justified his actions," and that "the trustee writ . . . returnable to Worcester County was not void but only voidable . . . and justified the acts of the defendant in moving the property." These requests were refused.

Before the defendant attached the property on the third writ (on February 23, 1916), he had already attached the property and placed it in charge of a keeper on the first writ; and, while in the possession of this keeper and not in the possession of the owner, the property was attached and taken away from the plaintiff's premises under the second writ. To justify the acts of the defendant it must be shown that the attachment was a valid one and made under legal process. The defendant attempted to justify under the second writ. It was an attempt to make an attachment under a writ in trustee process returnable in Worcester County, when the trustee was named as residing in Franklin County, and when the property was not in the possession of the mortgagor. While it was on the plaintiff's farm, it was in the hands of the defendant's keeper and the possession had not been restored to the mortgagor before this attachment was made. The defendant attempted to attach all the property on this writ as mortgaged property, and he can justify his acts in this proceeding only by showing that the attachment was authorized by law. To justify the officer when mortgaged personal property is attached and the mortgagee is summoned as trustee, the property must be in the possession of the mortgagor. *Porter* v. *Warren,* 119 Mass. 535, 537. *Drysdale* v. *Wax,* 175 Mass. 144. *Jenness* v. *Shrieves,* 188 Mass. 70. *Shapira* v. *Walker,* 225 Mass. 451.

The defendant cannot protect himself under the third writ. The property had been attached and taken from the plaintiff's farm and the present action had been brought before the third writ was issued. The fact, that the plaintiff appointed an appraiser at the sale of the attached property under the third writ, is not a waiver of the defendant's conversion. His participation in the proceedings by the appointment of an appraiser does not show an intention to

abandon his action against the defendant or to waive his right to recover for the loss of his property.  See in this connection *Schwartz v. American Surety Co. of New York,* 231 Mass. 490.

As the officer was without justification in attaching the plaintiff's property and the process under which he acted afforded him no protection, it becomes unnecessary to consider whether the second writ, returnable in Worcester County, is void or merely voidable, when it showed on its face that the sole trustee was a resident of Franklin County.

. *Exceptions overruled.*