Bolster, C. J.
The defendant, in November 1934 and again in December 1934, gave to the trustee mortgages on certain chattels. Both mortgáges were recorded on July 25, 1935. They provided that the mortgagor might retain possession until default, but that upon default the mortgagee might take possession and foreclose by sale. The mortgagee took possession under the earlier mortgage, and in January 1936 sold the goods to itself under the power. This trustee process was served on the trustee on November 23, 1935 at which time some of the goods were in the mortgagee’s possession.
Gen. Laws, (Ter. Ed.) Ch. 255, $1, provides that a chattel mortgage must be recorded within fifteen days from its date. “The mortgage shall not be valid against a person *599 other than the parties thereto until so recorded; and a record made subsequently to the time limited shall be void. ’ ’
Under the decisions, this statute means just what it says. Leahy v. George, 273 Mass. 130. Quincy Oil Co. v. N. E. Road Mach. Co., 274 Mass. 419, 426. N. E. Road Machine Co. v. Quincy Oil Co., A. S. 1935, P. 1023, 1025. The result is that at the time of service the trustee had an unsecured debt, and had in his possession goods which, so far as this plaintiff is concerned, he held no better than as an ordinary bailee without lien. He was chargeable as trustee under Gen. Laws, Ter. Ed. Ch. 246, §57.
The trustee argues that as the defendant could not attack the trustee’s possession, the defendant’s creditor could not. But the statute creates that very distinction between the mortgagor and his creditor. See also Gen. Laws, Ter. Ed. Ch. 246, §25.
A more serious question, not argued, comes on the effect to be given in such a case as this to section 26 of the trustee process statute, for it appears that the defendant is indebted to the trustee. In the case of mutual money demands, the trustee is held only for the balance, even if his claim matures after service. Sternheimer v. Harris, 253 Mass. 169. Reynolds v. Missouri &c. Ry., 233 Mass. 32. But when he holds chattels, he must have some property interest in them to render them immune in his hands from seizure by a creditor of the defendant. Allen v. Megguire, 15 Mass. 490. Allen v. Hall, 5 Met. 263, 266.
This creditor has the right to say, perforce of the statute first quoted, that there was no mortgage and that the goods remained the property of the defendant. Questions such as arose in Jenness v. Shrieves, 188 Mass. 70 are therefore immaterial here. Under no construction of the statute, other than that adopted, can effect be given to the legislative declaration of invalidity.
*600 It may be that the creditor’s right does not go on forever. Whether it persisted beyond the foreclosure sale might be open to some doubt. But here the attachment was made while, as between the mortgagor and mortgagee, the goods were still in mortgage.
Finding no error on the merits, we have not deemed it necessary to decide whether, in a case appearing wholly of record, specific legal requests for rulings are indispensable.
Report dismissed.