*Northern District*

No. 5140

## JOHN T. LASKARIS

v.

## PETER CLARIZIA

(November 5, 1958)

*Present:* BROOKS, J. (PRESIDING), NORTHRUP AND KELLEHER, JJ.

Case tried to HILL, SP. J., in the First District Court of Essex. No. 9593.

*Kelleher, J.* This is an action of contract to recover an alleged balance due on a judgment. The answer is a general denial.

The question for decision is whether the evidence warranted a finding for the plaintiff. At the trial, the plaintiff introduced in evidence the execution in question and testified that a sum held in escrow was credited against the execution. The defendant offered no defense.

The Court found the following facts: "This was [an action] on the balance on a judgment obtained by the plaintiff versus one Peter Clarizia whom the plaintiff identified in his testimony as the defendant in this case. There was no defense and finding accordingly made for the plaintiff".

At the close of the plaintiff's case, the defendant made the following request for ruling which was denied:

"1. The evidence does not warrant a finding that the defendant is the Peter Clarizia against whom the plaintiff has recovered the judgment on which the action is brought."

The evidence introduced at the trial as set forth in the report is contained in one sentence. Whether this evidence was sufficient to warrant the trial judge in finding that the defendant, Peter Clarizia, was sufficiently identified as the defendant is not clear. If the evidence as contained in the report is all the evidence in the case, it would be doubtful if there is sufficient evidence of identity of the defendant. However, the finding of the trial judge seems to indicate that there was further evidence not included in the report, which would clearly justify a finding for the plaintiff. Ordinarily in order to clarify this report it would be recommitted for amplification, correction or amendment in accordance with Rule 28 of the District Court Rules. *Burbank v. Farnham,* 220 Mass. 514-517; *Shapiro v. Walker,* 225 Mass. 451; *Rezendes v. Prudential Ins. Co.,* 285 Mass. 505, 515. However, since the original hearing in this case the trial judge has resigned, therefore, in order to prevent a failure of justice we hereby order the case to stand for a new trial.

No brief or argument for the plaintiff.

Edward S. J. Wilson, for the defendant.