## MILLER W. NICKERSON & others *vs.* SAMUEL CHASE & trustee.

Barnstable. Jan. 23. — Mar. 7, 1877. MORTON & ENDICOTT, JJ., absent.

An administrator with the will annexed may retain a pecuniary legacy in part payment of a debt due from the legatee to the testator ; and is therefore not chargeable for the same as trustee of the legatee in a process of foreign attachment.

An administrator with the will annexed is not chargeable, as trustee of the legatee in a process of foreign attachment, for a legacy of a small fractional undivided interest in a vessel, which has never been in his possession or control, and which has not been sold or reduced to money.

TRUSTEE PROCESS. Joseph K. Baker, administrator with the will annexed of the estate of Benjamin Ryder, summoned as trustee, answered, denying that, at the time of the service upon him, he had in his hands and possession, as such administrator or individually, any goods, effects or credits of the principal defendant. The plaintiff thereupon filed interrogatories to the trustee, and the material portions of his answers thereto were that Ryder by his will bequeathed to the principal defendant the interest which he owned in a schooner and $200; that the interest of Ryder in the schooner was one thirty-second part, which was appraised at $200 ; that the principal defendant had been paid the full amount of the bequest by his retaining in his hands the full amount thereof in part payment of a note for $600 given by the principal defendant to Ryder in his lifetime, upon which he believed that no payments had been made ; and that he

claimed the right to deduct the amount of the bequest from the amount of the note under the Gen. Sts. *c.* 142, § 26.

In the Superior Court the trustee was charged on his answer, and appealed to this court.

*H. P. Harriman*, for the plaintiff.

*H. A. Scudder*, for the trustee.

AMES, J. The pecuniary legacy payable to the principal defendant was attachable in this process, but, as the legatee was indebted to the testator in a larger amount, the administrator with the will annexed was entitled to retain the legacy in part satisfaction of the debt. Whatever amount the legatee might recover of him, in a suit for the legacy, might be met and cancelled by a judgment in a suit upon the note in favor of the executor. The case, therefore, would come within the provisions of the Gen. Sts. *c.* 142, § 26, and, so far as this legacy is concerned, the trustee is not chargeable. *Green* v. *Nelson*, 12 Met. 567. *Blackler* v. *Boott*, 114 Mass. 24.

With regard to the legacy of the testator's interest in the schooner, we come to a like result, although for other reasons. It does not appear that the vessel has ever been in the possession or under the control of the alleged trustee, or that the testator's interest in it has ever been sold or reduced to money. It cannot therefore be said to be a debt due to the defendant from the trustee, in money. In *Andrews* v. *Ludlow*, 5 Pick. 28, it was held that, in order to charge a trustee for personal property of the principal, it must be in his actual possession or within his control, and that a mere constructive possession is not sufficient. All that he has in this case is a small fractional undivided interest in a chattel of which he is in no sense the keeper or holder. There is nothing in his hands which he could deliver upon demand towards the satisfaction of an execution if he should be charged in this process. He owes the principal defendant nothing, and he has nothing in his possession belonging to the defendant. There are no goods, effects or credits for which he can be charged.

Assuming, therefore, as we probably should from the answer of the trustee, that the testator's one thirty-second part of the schooner is not wanted for the payment of his debts, and also that there has been a sufficient consent, express or implied, on

the part of the administrator with the will annexed to perfect the right of the legatee to the gift, (*Andrews* v. *Hunneman*, 6 Pick. 126,) we see no ground for charging him as trustee of the legatee. The case of *Vantine* v. *Morse*, 104 Mass. 275, was one in which there was no question as to the effect of a joint ownership of the fund held by the supposed trustee, and does not appear to us to be applicable to the present inquiry.

*Trustee discharged.*