DENNIS H. LANNAN *vs.* JAMES E. WALTER & another,
& trustee.

Suffolk.   January 16, 1889. — March 2, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Trustee Process — Set-off by Trustee.*

If, before final answer in trustee process, the principal defendant becomes indebted
to the trustee on any contract entered into before the service of the writ, the
trustee has a right of set-off, and is chargeable only with the final balance, if
one should be due.

TRUSTEE PROCESS. Writ dated November 15, 1886. The
Globe National Bank, summoned as trustee, filed an answer on
October 1, 1887, which alleged, in substance, that on November 15, 1886, the date of the service of the writ upon the trustee, there was deposited with it, to the credit of the defendants,
who were among its depositors, the sum of $927.10, and that the
trustee had in its hands and possession no other goods, effects,
or credits belonging to the defendants or either of them; that
at the time of such service the trustee was, and has continued to
be, the holder and owner of three several notes made and indorsed by various persons, and each indorsed by the defendants,
for whom it had already discounted such notes, at their request
and for their benefit; that the first of these three notes was for
$2,247.16, and was due on December 3, 1886; that payment of
such note was duly demanded of the maker, who neglected to
pay the same, and due notice of the non-payment thereof was
given to the indorser, but that no part of such note had been
paid; that the same remained wholly unpaid and owing to the
trustee, except as to such part as might be deemed and adjudged
to be paid by setting off the claim of the trustee against such
defendants on such note and the claim of the defendants against
the trustee on the amount of such deposit, the one against the
other; that at the time of the service of the writ, the trustee
believed that the maker and indorser of such note was insolvent,
and believed and feared that the note would not be paid at
maturity; that the second of such notes was for $2,367.42,

dated June 12, 1886, and became due on December 15, 1886; that the third of such notes was for $2,267.42, dated July 23, 1886, and became due on December 26, 1886; that neither of such two notes had been paid, except that the attorney of the indorser of one of them had paid on account of the trustee's claim against such indorser the sum of $237.51, and that proper steps had been taken to fix the liability of the defendants and of other indorsers on each; and that all the makers and indorsers of the notes were insolvent. In the Superior Court the trustee was discharged; and the plaintiff appealed to this court.

*P. J. Casey*, for the plaintiff.

*L. L. Scaife*, (*B. G. Davis* with him,) for the trustee.

FIELD, J. The answer of the trustee on which it was discharged is, in effect, that at the time of the service of process it had in its deposits to the credit of the defendants $927.10, and that at the same time it held three promissory notes which it had discounted for the benefit of the defendants, and on which they were indorsers; that since said service these notes have all matured; that the liability of the indorsers has been made absolute by due demand and notice; and that the makers and indorsers have all become insolvent, and the notes remain in its hands wholly unpaid, except that a small sum has been received on one of them. The amount due on each note is considerably more than $927.10.

The counsel for the trustee contends that it has the right to set off the sum of money due from the defendants on any one of these notes against the deposit. We regard it as settled, that, "if before final answer the debtor becomes indebted to the" trustee "on any contract entered into before the service of the writ, the latter shall have a right of set-off, and be chargeable only with the final balance, if one should be due." *Boston Type Co.* v. *Mortimer*, 7 Pick. 166. *Smith* v. *Stearns*, 19 Pick. 20, 25. *Nickerson* v. *Chase*, 122 Mass. 296. *Eddy* v. *O'Hara*, 132 Mass. 56, 61. Pub. Sts. c. 183, § 27.

*Judgment discharging trustee affirmed.*