H. STERN, JR., & BROS. CO. *v.* WING.

1. GARNISHMENT—INTERVENTION—APPEAL.
    Where a garnishee defendant set up the same defense as was urged by an intervening claimant, whether it was proper to permit the intervention is immaterial.

2. HOMESTEAD—CONVEYANCE—FAILURE OF WIFE TO JOIN—CONSIDERATION.
    A deed of a homestead, in which the owner's wife does not join, is absolutely void, entitling the grantee to a return of the consideration.

3. SAME—CONSTRUCTIVE TRUST—GARNISHMENT.
    Where the consideration for a deed of a homestead, void because not signed by the owner's wife, was deposited in the hands of a third person, such person, on notice from the grantee, became a trustee of the fund for the latter's benefit, and could not be charged as garnishee by the grantor's creditors.

Error to Mason; McAlvay, J.   Submitted November 6, 1903.   (Docket No. 109.)   Decided January 5, 1904.

Garnishment proceedings by the H. Stern, Jr., & Brothers Company against Charles G. Wing, as garnishee of John W. Thomas.   Francis Shappee, Sr., intervened. From a judgment for defendants on verdict directed by the court, plaintiff brings error.   Affirmed.

*Fitch & Reek* and *A. A. Keiser*, for appellant.

*M. B. Danaher*, for appellee Wing.

*H. C. Hutton*, for appellee Shappee.

Montgomery, J.   The principal defendant held under land contract premises occupied by himself, wife, and children as a homestead.   He·attempted to convey to the intervener, Shappee, this homestead interest, for the consideration of $1,080.   Mrs. Thomas did not join in the deed.   One thousand dollars of the consideration paid by Shappee to Thomas was by the latter placed in the hands of the garnishee defendant, Wing, as security for an undertaking of suretyship, which has been discharged.   In justice's court defendant Wing set up these facts, and stated in his notice of defense that the sale of the homestead was invalidated by the failure of the wife of Thomas to join, and that Shappee had demanded the certificate of deposit. Plaintiff recovered in that court, and, Wing having taken an appeal, Shappee was permitted to intervene.

Error is assigned upon this ruling.   We need not determine whether the practice was proper, as it appears that the garnishee defendant set up the same defense urged by the intervener, and, as the case was determined upon the undisputed facts, it follows that, if the circuit judge was right in directing a verdict, he did no more than he was bound to do for the protection of the garnishee defendant. The plaintiff's case was certainly no stronger against Wing with Shappee before the court than it would have been with Shappee absent.   If the garnishee defendant, Wing, was liable to account to Shappee for this certificate or its proceeds either in law or in equity, it would be manifestly unjust to permit judgment to pass against him in favor of the plaintiff.   *Schuler* v. *Israel*, 120 U. S. 506 (7 Sup. Ct. 648); *Lannan* v. *Walter*, 149 Mass. 14 (20 N. E. 196); *North Chicago Rolling-Mill Co.* v. *St. Louis Ore & Steel Co.*, 152 U. S. 596 (14 Sup. Ct. 710).   See, also, *Lyon* v. *Ballentine*, 63 Mich. 97, 105 (29 N. W. 837, 6

Am. St. Rep. 284); *Kennedy* v. *McLellan*, 76 Mich. 598, 604 (43 N. W. 641).

The attempted transfer of the homestead interest, the wife not having joined, was simply void. 3 Comp. Laws, § 10363, and cases cited in note; *Ring* v. *Burt*, 17 Mich. 465 (97 Am. Dec. 200). It was not, as construed by plaintiff, like a quitclaim of the interest which the grantor has in property, which in certain cases furnishes a consideration, but it was an abortive attempt to convey something which, because of the statute, could not be passed without the signature of the wife. The money could be recovered by Shappee in an action for money had and received. *Scott* v. *Bush*, 26 Mich. 418 (12 Am. Rep. 311). He could also follow the specific fund, and, on notice to Wing, a constructive trust was raised in Shappee's favor. 2 Pom. Eq. Jur. § 1047 *et seq.*

The judgment is affirmed.

The other Justices concurred.