## TRADERS' BANK OF CANADA v. FRASER.

1. EQUITY—EFFECT OF DEMURRER.
   A demurrer in equity admits the truth of the averments of the bill of complaint.

2. TRUSTS — EQUITY — ADEQUATE REMEDY AT LAW — BANKS AND BANKING—FRAUD.
   Equity has jurisdiction of a bill of complaint, notwithstanding a possible remedy by an action at law and garnishment proceedings, where it is averred that the defendant by fraudulent representations obtained money deposited with complainant in the name of her deceased husband, that she took the money to another bank, which is made a defendant, and deposited it in her own name, that complainant is liable for the amount of the fund to the estate of her husband, that the wife is insolvent, and has no authority to receive the money, as administratrix or otherwise, and that unless protected by an injunction, as prayed, the complainant will lose the fund, and that the same is a trust fund in the hands of defendant.

Appeal from St. Clair; Tappan, J. Submitted June 16, 1910. (Docket No. 71.) Decided July 14, 1910.

Bill by the Traders' Bank of Canada against Margaret Fraser and the First National Exchange Bank of Port Huron to enjoin the dissipation of an alleged trust fund. From an order overruling a demurrer, defendant Fraser appeals. Affirmed.

*Joseph Walsh*, for complainant.

*B. D. Cady* (*W. L. Jenks*, of counsel), for appellant.

MOORE, J. Complainant filed its bill of complaint, which, after the formal part, averred in substance that November 1, 1907, William A. Fraser of Port Huron deposited in its branch bank at Embro, Ontario, $1,606, for which a passbook was issued to him; that November 19, 1907, Margaret Fraser presented to the cashier of said bank said passbook and obtained the full amount of said deposit, $1,500 of which she deposited on the 23d of November in a bank at Sarnia; that December 7, 1907, she withdrew $1,490 of said money and deposited the same in defendant bank, December 10, 1907, "where she has kept the fund intact up to and including this date." Then follow averments which it is not necessary to set out. Then comes the following:

"That prior to the obtaining of said money by said Margaret Fraser, the said William A. Fraser had died; that said Margaret Fraser, his wife, fraudulently obtained from your orator the whole amount of money deposited as aforesaid; that at the time of procuring said money she falsely and fraudulently represented to the officers of said bank that when said money was deposited in said branch bank it was placed in said bank in the name of both the said William A. Fraser and the said Margaret Fraser and under an arrangement and in such a manner that both or either of them could legally draw it out; and, also, that she was duly authorized to demand and receive said money and was entitled to the same. Your orator avers that all of said representations were false and fraudulent and made with the intent and purpose of deceiving your orator and obtaining said money, and that the said Margaret Fraser was not entitled to receive said money and was not authorized so to do, and said money had not

been placed in said bank in her name or so that she could draw the same, and the officers of your orator's said branch bank were deceived and defrauded by said false and fraudulent representations and by mistake, and relying upon such false and fraudulent representations paid to the said Margaret Fraser the whole amount of said deposit on the date hereinbefore mentioned. * * *

"Petitioner therefore alleges that the said moneys so deposited and subsequently paid to said Margaret Fraser and now on deposit in the First National Exchange Bank of Port Huron, Mich., was a trust fund as it verily believes, and that if wrongfully paid to the said Margaret Fraser by the said bank as alleged, or otherwise wrongfully paid as claimed, then the same will be wholly lost to this complainant, unless protected by the writ hereinafter prayed to be issued out of this court.

"*Fifth.* Petitioner alleges that the said Margaret Fraser presented no letters of administration or probate or other legal authority to the said bank as evidence of her legal right to receive the said money, and that said petitioner now seeks to protect itself by having this court come to its aid in preventing the said Margaret Fraser from dissipating this fund until her legal right to receive, have, and control the same is established, and to that end petitioner alleges that the said fund should be returned to it and be held until the said Margaret Fraser has been determined by a court of competent authority to be the person legally entitled to receive the same from your petitioner.

"Your orator avers that it is legally indebted and liable to the said William A. Fraser's estate for the full amount of said deposit; that it will be compelled to pay such sum of money to the estate; that said Margaret Fraser is financially irresponsible, and no judgment can be collected against her; that she has no property out of which an execution can be collected, and unless the fund so placed by her in the First National Exchange Bank of Port Huron, Mich., as above mentioned, is held to be the property of and belonging to your orator and is caused to be turned over to your orator, your orator will entirely lose the amount of the same and will lose all the money so paid to her as aforesaid."

Then followed a prayer for an injunction and a general prayer for relief. A demurrer was interposed, and from

an order overruling the demurrer the case is brought here for review.

The claim of defendant Fraser is stated in the brief as follows:

"Complainant could obtain all of the relief to which it could possibly be entitled by bringing its suit at law against Margaret Fraser, and taking garnishment proceedings against the defendant bank, the fund, if there were any, belonging to defendant, to be held pending the trial, so that, if the decision of the court and jury was that the money did belong to the bank, its remedy would be perfect, and its right to the money in the defendant bank fixed. In other words, every issue involved in this suit could be completely and satisfactorily disposed of in a suit at law, and the questions of fact involved are those which the defendant Margaret Fraser has the right to ask to be determined in such a court and by a jury."

To this contention it is replied that the remedy might or might not be adequate.

"It may be that there are garnishments against this fund, or the fund may have been assigned to other parties. If we had resorted to a suit at law and garnishment, we might have found that an assignment of this money had been made to some other creditor of Mrs. Fraser, who, in such action, would be entitled to a preference of the fund. We submit that we have the right to follow the fund itself, and not to run the danger of having other claims made on it that might have precedence over our claim."

The demurrer admits the truth of the averments of the bill of complaint. We think the action of the circuit judge in overruling the demurrer is supported by 1 Pomeroy's Equity Jurisprudence (3d Ed.), § 278; 3 Pomeroy's Equity Jurisprudence (3d Ed.), § 1047, and the authorities cited in the notes. See, also, *H. Stern, Jr., & Bros. Co.* v. *Wing*, 135 Mich. 331 (97 N. W. 791).

The decree is affirmed, with costs.

OSTRANDER, HOOKER, McALVAY, and BROOKE, JJ., concurred.