JAMES F. CAVANAUGH *vs.* MERRIMAC HAT COMPANY.

Essex.    November 6, 1912. — January 29, 1913.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Scire Facias.    Trustee Process.*

In an action of *scire facias* on a judgment by which the defendant has been charged as trustee in an action brought by trustee process, the defendant should be placed in no worse position than if he were defending an action brought against him by the defendant in the trustee process for the collection of the alleged debt by reason of which he has been adjudged a trustee, and if, because of pending actions brought by third persons against such trustee affecting the amount and the existence of his indebtedness to the defendant in the trustee process, the state of the account between them cannot be ascertained, there must be a judgment for such trustee as the defendant in *scire facias*.

SCIRE FACIAS on a judgment by which the defendant was charged as trustee. Writ dated December 7, 1911.

In the Superior Court the case was submitted to *Hall*, J., upon an agreement of the parties that the allegations of fact contained in the plaintiff's writ and the defendant's answer were true, and that the court might draw all reasonable and proper inferences therefrom. Such facts are stated briefly in the opinion.

The defendant asked the judge to make the following rulings:

"1. That no judgment in this action can be rendered against the Merrimac Hat Company until the liability of the Merrimac Hat Company in the cases of Edward Perkins Lumber Company *vs.* Merrimac Hat Company, True *vs.* Merrimac Hat Company, and Inhabitants of Amesbury *vs.* Merrimac Hat Company has been finally determined.

"2. That upon all the evidence the plaintiff is not entitled to recover against the defendant in this case."

The judge ordered that judgment be entered for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*C. I. Pettingell,* for the plaintiff.

*H. L. Boutwell, W. H. Hastings & F. P. Miller,* for the defendant.

RUGG, C. J. This is an action of *scire facias* on a judgment in which the defendant was charged as trustee. Its liability was not made absolute thereby, but it may in this proceeding set up any matter of defense which would have been available in an action against it by its alleged creditor, the original defendant. *Shawmut Commercial Paper Co.* v. *Cram,* 212 Mass. 108. Before the service of the plaintiff's trustee writ upon it, the defendant had entered into three contracts with Dearborn Brothers and Company, defendants in the trustee action, by which the latter agreed to construct and enlarge buildings for it. The builders entered upon the performance of these contracts, but failed to complete them by reason of financial embarrassments. At their request and expense the defendant had completed the contracts. At the time of the service of the plaintiff's trustee writ upon this defendant there was due from it to the builders $392.67, provided it was not held liable in two actions brought against it by persons who alleged that it was liable for large amounts of materials furnished to the builders in the performance of the contracts. These actions are pending and undecided, and if the defendant should be held liable in these actions nothing would be due to the present plaintiff.

It is a general rule, touching the liability of one summoned as trustee under the trustee process, founded upon reason and amply supported by authority, that he should be placed in no worse position than if the principal defendant had brought action against

him directly. Ultimate justice between the parties must be considered upon broad and equitable grounds. The plaintiff can hold in the hands of the trustee only such sum as is finally due from him to the chief defendants after all just allowances have been made respecting their mutual rights and obligations. He is a stakeholder, having no interest in the action in which he is summoned as trustee, and as such is entitled to the protection of the court. Any defense is open to him which would be available in an action against him directly by the original defendants, his alleged creditors. *Smith* v. *Stearns,* 19 Pick. 20. *Bennett* v. *Caswell,* 7 Gray, 153. *Eddy* v. *O'Hara,* 132 Mass. 56. *Nutter* v. *Framingham & Lowell Railroad,* 132 Mass. 427. *Lannan* v. *Walter,* 149 Mass. 14. R. L. c. 189, § 25. If the defendant should be found liable to pay the obligations sought to be fastened upon it by those who had furnished materials to the defendants in the trustee action, there would be manifest injustice in compelling it to pay in this proceeding. It would be in a distinctly worse position than if action had been brought against it directly by its alleged creditor. Its obligation to pay on these outside actions became fixed, if at all, at the time they were brought, which was before the institution of this proceeding.

It is impossible to ascertain at present the exact state of the account between this defendant and the defendant in the trustee process. Hence there must be judgment for the defendant. R. L. c. 189, § 48. *Guptill* v. *Ayer,* 149 Mass. 49.

*Exceptions overruled.*