FREDERICK STERNHEIMER & another *vs.* EUGENE B. HARRIS & another.

Suffolk.    May 18, 1925. — June 27, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, & SANDERSON, JJ.

*Trustee Process,* Trustee's right of set-off. *Set-off. Bank.*

Under G. L.c. 246, § 26, a bank summoned as a trustee in an action begun by trustee process should not be charged as trustee where it appears by its answer to the writ and by its answers to interrogatories propounded to it by the plaintiff that at the time of the service of process it had on deposit to the credit of the defendant $5,812.91, and that at the same time it held notes of the defendant aggregating $68,775.26, all payable on demand; that, following the service of the writ upon it and on the same day, demand was made for payment of these notes and that the deposit was applied to the partial payment of them.

CONTRACT for damages alleged to have resulted from a breach by the defendant Harris of a contract whereby he agreed to sell four hundred cans of Australian Melon and Lemon Jam to the plaintiffs. Writ in trustee process dated May 5, 1922.

Boylston National Bank was summoned as trustee. Its answer to the writ and its answers to interrogatories propounded to it by the plaintiffs are described in the opinion.

On motion by the plaintiffs, heard by *Wait*, J., the alleged trustee was ordered charged on its answer and on the answers to the interrogatories, the judge stating that he found as a fact that no demand had been made on the notes at the time of service of the writ on the trustee. The alleged trustee alleged exceptions and also filed what purported to be an appeal from the order.

*F. G. Bauer*, for Boylston National Bank, trustee.

*J. Noble*, for the plaintiffs.

PIERCE, J.   This is an action of contract, commenced by trustee writ in which the Boylston National Bank was summoned as trustee. The writ was served on the trustee on May 6, 1922. The answer of the trustee filed June 15, 1922, and its answers filed March 24, 1924, to interrogatories of the plaintiff, disclose that at the time of the ·service of process it had on deposit to the credit of the defendant $5,812.91, and that at the same time it held notes of the defendant aggregating $68,775.26, all payable on demand; that since the service and before answer, on May 6, 1922, demand was made for payment of these notes and the deposit was applied to the partial payment of them. The judge of the Superior Court "found as a fact that no demand had been made on the notes at the time of service of the writ on the trustee," and on July 7, 1922, ordered the "trustee charged on its answer and on the answers to the interrogatories." The trustee is before this court on its exception duly saved to the above order of the court.

The exception must be sustained. It was said by Gray, C.J., in *Eddy* v. *O'Hara*, 132 Mass. 56, at page 61: "The trustee in a process of foreign attachment can be charged only for a debt due from him to the principal defendant at the time of the attachment, and which remains justly due from the one to the other at the time of the judgment which determines whether the trustee shall or shall not be charged. The trustee, being a mere stakeholder summoned into a suit in which he has no personal interest, is entitled to the protection of the court under circumstances in which an ordinary defendant might be held liable." It is provided in G. L. c. 246, § 26: "A trustee may retain or deduct from the

goods, effects or credits in his hands all demands against the defendant of which, had he not been summoned as a trustee, he could have availed himself by way of set-off on a trial or by the set-off of judgments or executions between himself and the defendant, and he shall be liable for the balance only after all mutual demands, excluding therefrom any claim on either side for unliquidated damages for wrongs or injuries, between him and the defendant have been adjusted." Of this law, which is a reënactment of Rev. Sts. c. 109, §§ 5, 36, the same Chief Justice said: "Each of these provisions does but affirm opinions expressed by this court before any such provision had been introduced into the statutes." *Eddy* v. *O'Hara, supra.* It was said by Shaw, C.J., in *Smith* v. *Stearns,* 19 Pick. 20, at page 22: "It is clearly held as the construction of the trustee process, that where one is chargeable in consequence of being the debtor of the principal, the question will be, whether he holds any balance upon a liquidation of all demands. In striking such balance he has a right to set off, from the debt which he acknowledges he owes the principal, any demand, which he might set off in any of the modes, allowed either by statute or common law, or in any course of proceeding. *Hathaway* v. *Russell,* 16 Mass. R. 473; *Boston Type &c. Foundry Co.* v. *Mortimer & Tr.* 7 Pick. 166. The principle of the rule is well stated in the case last cited. The trustee ought not to be placed in a worse situation than he would be in, if the principal had sued him for the debt."

On the facts the case at bar is governed by, and not distinguishable from, *Lannan* v. *Walter,* 149 Mass. 14, wherein, at page 15, it is said by Field, J.: " 'if before final answer the debtor becomes indebted to the' trustee 'on any contract entered into before the service of the writ, the latter shall have a right of set-off, and be chargeable only with the final balance, if one should be due' "; citing *Boston Type & Stereotype Foundry Co.* v. *Mortimer,* 7 Pick. 166, *Smith* v. *Stearns,* 19 Pick. 20, 25, *Nickerson* v. *Chase,* 122 Mass. 296, *Eddy* v. *O'Hara,* 132 Mass. 56, 61, and Pub. Sts. c. 183, § 27.

*Exceptions sustained.*

*Appeal dismissed.*