RUBY B. WEBB & another, administratrices, *vs.* MAX COHEN.

Essex.    May 12, 1932. — September 14, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Practice, Civil*, Correction of docket.    *Bond*, To dissolve attachment. *Jurisdiction.    Trustee Process.*

There is an inherent and necessary power in a court of justice acting on the motion of an interested party, at the suggestion of one not a party, or on its own motion to correct errors and remedy omissions in its records in order that they shall speak the truth. Per DONAHUE, J.

An attachment of funds in the hands of a trustee having been made in an action, a claimant of the funds, without entering an appearance, before the return day of the writ filed a bond to dissolve the attachment, which conformed to statutory requirements. The clerk of the court thereupon issued a certificate of the filing of the bond, and the trustee paid the funds in his hands to the claimant. There was a finding for the plaintiff. Subsequently, upon the plaintiff's calling to the clerk's attention the fact that the claimant had not filed an appearance, the clerk of his own motion expunged from the docket the entry which he had made concerning the filing of the bond, although the bond remained among the papers in the action. A motion by the trustee, that the docket be corrected by restoring such entry, was allowed. Upon exceptions by the plaintiff to such allowance, it was *held*, that

(1) The filing of the bond released from attachment the funds in the trustee's hands;

(2) The proper protection of the trustee required that the docket bear an entry showing the filing of the bond in accordance with the statute, since the trustee had paid out the funds in his hands in reliance thereon;

(3) The allowance of the motion was proper.

CONTRACT.    Writ dated June 22, 1929.

Proceedings in the Superior Court concerning a bond filed to dissolve an attachment made by trustee process,

and a motion by the trustee to correct the docket with reference thereto, are described in the opinion. An auditor, to whom the action had been referred under a stipulation that his findings of fact were to be final, found for the plaintiffs. The trustee's motion was allowed by *F. T. Hammond*, J. The plaintiffs alleged exceptions.

The case was submitted on briefs.

*E. Fisher*, for the plaintiffs.

*B. B. Piper*, for H. P. Hood & Sons, Inc., trustee.

DONAHUE, J. A claimant's bond to dissolve an attachment of funds in the hands of an alleged trustee in an action begun by trustee process in the Superior Court was filed in court on July 2, 1929, and a record of such filing was then made on the docket. The clerk of the court issued under the seal of the court a certificate that such bond had been filed and the trustee, upon presentation of this certificate and before the entry of the writ, paid to the claimant the funds held by it under the attachment. At some later time the plaintiffs directed the attention of the clerk of the court to the fact that the claimant had not entered an appearance in the case and thereupon the clerk without any order of court struck from the docket the entry he had made, the bond itself remaining among the papers in the case. Before judgment, but after the trustee had been charged on its answers to interrogatories, a motion of the trustee to correct the docket by adding thereto a record of the filing of the bond on July 2, 1929, was allowed by a judge of the court. The plaintiffs excepted to the allowance of the motion and to the refusal of the judge to give certain requests for rulings.

The sole question here presented is whether the judge erred in allowing the motion to amend the record. There is an inherent and necessary power in a court of justice acting on the motion of an interested party, at the suggestion of one not a party, or on its own motion to correct errors and remedy omissions in its records in order that they shall speak the truth. *Balch* v. *Shaw*, 7 Cush. 282, 284. *Merrill* v. *Kaulback*, 158 Mass. 328, 329. *Farris* v. *St. Paul's Baptist Church*, 220 Mass. 356, 359. *Everett-Morgan Co.* v. *Boyajian Pharmacy*, 244 Mass. 460, 462. It is very plain that the judge

properly exercised that power in the present instance. The trustee, while a party to the case, was merely a stakeholder and, as such, entitled to the protection of the court so far as reasonably practicable. *Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 253, 254. *Eastern Fur & Skin Co.* v. *Sternfeld,* 233 Mass. 210, 212. The bond given by the claimant conformed to the requirements of the statutes. It was filed in court as the statutes provide such a bond must be filed. G. L. c. 246, § 66; c. 223, §§ 125, 123. As soon as the bond was filed in court the trustee had specific authority under the statutes to deliver to the claimant the funds in its hands. G. L. c. 246, § 67. The filing of the bond released from attachment the funds in the trustee's hands. *Porter* v. *Giles,* 129 Mass. 589. *Cunningham* v. *Hogan,* 136 Mass. 407. Thenceforth the plaintiffs must look for payment not to the trustee but to the claimant's bond. Relying on the filing of the bond in accordance with the statute, the trustee paid to the claimant the funds which were in its hands when the bond was filed and this it had the right to do. Since the filing of the bond in court is the basis of its right to deliver the funds to the claimant, the proper protection of the trustee required that the docket then bear an entry showing such filing. That entry having through error disappeared from the record, the reasonable protection of the trustee in this proceeding and in scire facias proceedings which might be brought by the plaintiffs against it after judgment in this case (G. L. c. 246, §§ 45–49), requires that the entry be restored to the docket. The motion to amend the record was rightly allowed. The plaintiffs' requests for rulings for the most part are based on those sections of the statute dealing with the situation where a bond has not been filed but where a claimant has been admitted as a party and his asserted right to funds still in the hands of the trustee is to be determined by the court. G. L. c. 246, §§ 33, 34. In any event they were not pertinent to the narrow issue presented by the motion, namely, whether the record of the court should be corrected so as to evidence the truth.

*Exceptions overruled.*