HORATIO N. ALLIN *vs.* JAMES K. GEORGAS.

Norfolk.    October 5, 1936. — December 1, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Trustee Process.*

An alleged trustee in trustee process properly was discharged where it appeared that, at the time of service upon him, there were pending an action at law by the defendant against him and a suit in equity

by him against the defendant which included a claim for damages, and that, by a final decree in the suit in equity entered after service upon the alleged trustee, the two claims were adjudicated and set off and the defendant was ordered to pay to the alleged trustee a balance resulting in his favor.

In trustee process, the rights of the plaintiff against the alleged trustee are governed by and are no greater than the rights of the defendant against him.

CONTRACT. Writ in trustee process in the District Court of Northern Norfolk dated September 23, 1933.

A motion by the alleged trustee that it be discharged was allowed by *Sanborn, J.* A report to the Appellate Division for the Southern District was ordered dismissed. The plaintiff appealed.

*H. N. Allin, pro se.*

*E. R. Dewing,* for the trustee, submitted a brief.

CROSBY, J. This is an action of contract in which the plaintiff seeks to recover $575 for services rendered to the defendant. The writ was dated September 23, 1933, and was served on the trustee on September 26, 1933. The defendant did not appear and answer, and was defaulted. The Wellesley Fruit Company, Inc., named as trustee, answered that it had no goods, effects or credits, the property of the defendant, at the time of service of the plaintiff's writ upon it.

The trustee filed a motion to be discharged, and a hearing was held on that motion. At the hearing it was agreed that prior to the bringing of this action there had been brought in the Norfolk Superior Court, on February 17, 1932, a bill in equity by the Wellesley Fruit Company, Inc., against James K. Georgas, and that the case had been referred to Clifford B. Sanborn, as master. There was also pending in the District Court of Northern Norfolk, of which Clifford B. Sanborn is the presiding justice, an action in which Georgas was the plaintiff and the Wellesley Fruit Company, Inc., was the defendant. At the beginning of the hearings in the equity suit before the master, it was agreed that the two cases be heard together, so that in addition to the report in the equity case a finding might also be made in the action at law above referred to. The master

found and reported that the Wellesley Fruit Company, Inc., was entitled to damages in the sum of $1,529.50 from the defendant Georgas, and it was found that Georgas as plaintiff in the case pending in the District Court, was entitled to damages in the sum of $454.46 with certain interest from the Wellesley Fruit Company, Inc. A final decree was entered in the equity suit which ordered that Georgas pay the plaintiff the sum of $1,529.50, the amount of damage sustained by the plaintiff, less $454.46, with interest from March 6, 1932, until the date of the decree; that a note for $3,500 of the Wellesley Fruit Company, Inc., then held by the defendant Georgas, be cancelled and delivered to the plaintiff, and that the plaintiff be awarded costs in the sum of $21.05 and have execution therefor. The decree was entered April 16, 1934. The decree treats the sum of $454.46 as being payable March 6, 1932. It has not been paid except in so far as it may be affected by the decree.

This sum was the balance of the promissory note of $3,500 referred to in the equity decree. The note was dated September 6, 1930, and an instalment was due on March 6, 1932. At the hearing on the motion to discharge the trustee, there was introduced in evidence an attested copy of the final decree of the Superior Court in the equity case. The motion to discharge the trustee was allowed. The case was reported to the Appellate Division. The report was dismissed and the plaintiff appealed. The sole question presented for decision is whether the allowance of the motion discharging the trustee was proper.

Where one is summoned as a trustee, in trustee process, he is in the position of a mere stakeholder and as such entitled to the protection of the court. *Webb* v. *Cohen*, 280 Mass. 292, 294. He should be placed in no worse position than if the defendant had brought an action against him directly. *Smith* v. *Stearns*, 19 Pick. 20, 22. "Ultimate justice between the parties must be considered upon broad and equitable grounds. The plaintiff can hold in the hands of the trustee only such sum as is finally due from him to the chief defendants after all just allowances have been

made respecting their mutual rights and obligations."
*Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384, 386.

Applying these principles to the case at bar, it is plain
that the allowance of the motion discharging the trustee
was proper.  It was established by the decree in the equity
suit that the defendant was indebted to the trustee in a
stated amount.  The trustee, in the present proceeding, had
a right to have the claim established in the equity suit set
off against the defendant's claim against it, which the plain-
tiff sought to have held.  *Smith* v. *Stearns,* 19 Pick. 20.
*Eddy* v. *O'Hara,* 132 Mass. 56.  *Sternheimer* v. *Harris,* 253
Mass. 169.  This has already been accomplished by the
decree in the equity suit.  It cannot be said that the trial
judge had no authority to do what he did in that proceed-
ing.  "The power of the court to order a set-off of judgments
does not rest upon statutes; it rests upon the common law
and is to be exercised in accordance with the general prin-
ciples of justice and equity."  *Goldman* v. *Noxon Chemical
Products Co.* 274 Mass. 526, 529, and cases cited.  The
decree thus entered was in evidence in the case at bar.  Its
validity was not challenged by the plaintiff.  It established
that after all just allowances had been made between the
trustee and the defendant, there was no longer any sum due
from the trustee to the defendant which the plaintiff was
entitled to have held.  The plaintiff in this proceeding does
not show a right in the fund superior to the right of the
trustee to set off its claim, established in the equity suit,
against it.  After such a set-off of claims, which grew out
of the same transaction, had been made in the equity suit,
the balance of account favored the trustee.  There was no
fund belonging to the defendant which the plaintiff was
entitled to reach by trustee process.  The trial judge there-
fore could properly allow the motion to discharge the trustee.
It was not necessary that the amount of the recovery in the
equity suit should have been expressly set off in this pro-
ceeding in order to be available to the trustee.  Any legal
and proper evidence that would show the true state of the
account between the trustee and the defendant was suffi-

cient.  The decree in the equity suit plainly showed this. The decree allowed a set-off to which the trustee was entitled.  The trial judge properly recognized it and discharged the trustee.  The cardinal rule in such cases is that the extent of the liability of the trustee to the plaintiff is fixed by the former's liability to the defendant.  The rights of the plaintiff do not rise above or extend beyond those of the defendant, in whose place he stands, and he can assert only the rights of the latter.  This is the fundamental principle which must control here.

The order of the Appellate Division dismissing the report should be affirmed.

*So ordered.*