Robbins, J.
This case comes before us on appeal from the action of the trial court in denying the plaintiff’s motion to charge the Springfield National Bank as trustee of the defendant, Arthur Illiano for $46.19 which was the balance in the checking account of said Illiano in said bank at the time of the service of the writ upon it.
The writ was served on the trustee on May 25, 1939 and was returnable June 10, 1939 when it was entered. On June 14, 1939, the trustee answered as follows:
“. . . that at the time of the service of the plaintiff’s writ upon it, it held for due consideration the promissory note of the defendant Arthur Illiano payable to the Springfield National Bank in the amount of $150 and due June 12, 1939 and that at the time of the said service there was an account of the said defendant with the said trustee with a balance of $46.19 which said trustee applied on the said pote as it had a right to do . . ..”
*182 The defendant Illiano was defaulted.
The plaintiff .filed the following motion:
“Now comes the plaintiff in the above entitled'action and moves that the. trustee herein,. Springfield National Bank, be charged for the several amounts set out in its answer, and that it be denied the right to set-off against the funds of Arthur Illiano the note of said Illiano to the trustee.”
At the hearing on this motion the plaintiff seasonably filed several requests for rulings to the effect that the bank might not set-off the debt to it evidenced by Illiano’s note against- its debt to Illiano on his checking account in the bank. All'of such requests were denied by the trial court and the motion to charge the trustee for the $46.19 was denied in the following language:
“The court is of the opinion that as the note became due before the final answer of the trustee the bank had the right to set-off. the defendant’s, note against the balance of the account the defendant had with It although the note had not matured at the time of the service of the writ upon the bank and that the bank should not be charged on its answer for the $46.19 detained and applied on the note of the defendant Arthur Illiano.”
The plaintiff made a very logical argument which was well supported by cases cited in its brief to the effect that a bank’s right to set-off against a depositor must be ascertained as of the time of the service of a writ against it. The cases cited include. Harding, v. Broadway National Bank, 294 Mass. 13 (an action brought by a receiver against the bank where the company, of which the plaintiff' was receiver, kept its deposit in the defendant bank), Wiley v. Bunker Hill National Bank, 183 Mass. 495 (an action brought by a depositor against the bank), and Spaulding v. Backus, 122 Mass. 553 (a bill in equity brought by executors against the *183 maker of a note). These eases undoubtedly set forth the law as between a depositor and his bank.
The rights of the bank in this case, however, are to be determined by Gr. L. 'Chap. 246, Section 26, which sets forth the right of a person served as an alleged trustee in an action brought by trustee process. This section reads as follows :
“A trustee may retain or deduct from the goods, effects or credits in his hands all demands against the defendant of which, had he not been summoned as a trustee, he could have availed himself by way of set-off on a trial or by the set-off of judgments or executions between himself and the defendant, and he shall be liable for the balance only after all mutual demands, excluding therefrom any claim on either side for unliquidated damages for wrongs or injuries, between him and the defendant have been adjusted.”
Our Supreme Judicial Court has construed the language of this statute so that the trustee in the case at bar cannot be charged.
In the case of Lannan v. Walter, 149 Mass. 14, which was an action brought by trustee process, the court said:
“If before final answer the debtor becomes indebted to the trustee on any contract entered into before the service of the writ, the latter shall have a right of set-off, and be chargeable only with the final balance, if one should be due.”
In the case of Sternheimer v. Harris, 253 Mass. 169, which also is an action of trustee process, the court, while quoting the language of Smith v. Stearns, 19 Pick. 20-22, said:
“It is clearly held as the construction of the trustee process, that where one is chargeable in consequence of being the debtor of the principal, the question will be, whether he holds any balance upon a liquidation of all demands. In striking such balance he has a right *184 . to set-off, from the debt which he acknowledges he owes the principal, any demand, which he might set off in any of the modes, allowed either by statute or common law, or in any course of proceeding.”
These cases are decisive of the ease at bar, and the principal enunciated supports the action of the trial court in the denial of the plaintiff’s requests. The report is to be dismissed.