Pettingell, J.
. Action by the trustee process in which the First National Bank of Medford was summoned as trustee. By the trustee’s amended answer, filed April 11, 1940, it appears that at the time of service upon it of the *365 plaintiff’s writ, October 11, 1939, it had a deposit to the defendant’s credit of $381.75, and that at the same time it held as payee an unsecured promissory note for $1000, signed by the defendants, and due February 21, 1940; that before the plaintiff’s motion to charge the trustee was filed, March 20, 1940, it applied on the note the amount standing to the credit of the defendants.
The trustee filed several requests for rulings, among which were the following:
‘11. That where a trustee bank holds an unmatured note of a depositor at the time of service of the writ of attachment upon it, any funds on deposit with the trustee to the credit of the depositor, are not due to the depositor absolutely and without any contingency. General Law, Chapter 246, Section 24.
“2. The liability of the trustee in trustee process is fixed at the time the motion to charge it is made.
“3. That in the instant case at the time the motion to charge was made the trustee had no balance due to the defendant for which it was accountable to the plaintiff.
“4. That the trustee’s liability is not strictly dependent upon the state of facts as it exists when the trustee process was served, the liability may be modified or discharged by subsequent events.”
The trial judge denied the first request with the comment:
“1. Denied, except that there is some authority in the event of bankruptcy, the trustee may have a right to apply funds in its hands to an unmatured note. That is not the situation in this casé.”
He disposed of the other requests, as follows: “2. Denied. 3. Denied. 4. Denied, but see #1.”
The trustee’s requested rulings clearly raise the issue of the rights of a bank which has in its hands credits of the principal debtor, and has, also, an unmatured promissory note signed by the debtor, which becomes due after the service of the writ and before a motion to charge the trustee is filed. Such were the facts in the case at bar.
*366 The trustee process is essentially an equitable proceeding with a statutory procedure all its own. The trustee has no interest in the action between the plaintiff and the defendant. He is a stakeholder and must be put in no worse position than that he would have occupied if he had been sued by the defendant, “Ultimate justice between the parties must be considered upon broad and equitable grounds.” Cavanaugh v. Merrimac Hat Co., 213 Mass. 384, at 386 “Whenever you seek to charge a party as trustee, by reason of credits, you open to him a broad equity, and the balance only, after all equitable allowances, is the sum for which he is to be charged as trustee.” Green v. Nelson, 12 Met. 567, at 573. Courts have gone to great length to protect the trustee. Where a carrier was served as trustee by virtue of goods of the defendant delivered to the carrier for carriage to a distant port, and the freight and the expense of unloading the goods, so that they might be taken on execution, was as much or more than the value of the goods, the carrier could not be required to unload the goods at its expense and was discharged as trustee. Van Camp Hardware &c. Co. v. Plimpton, 174 Mass. 208, at 210, 211.
And where a defendant answered that it had been garnisheed in another jurisdiction as trustee of the plaintiff in actions still pending there, it was held that the defendant was entitled to a continuance of the action in this state until its liability as trustee in the foreign jurisdiction had been fixed and determined. Solomon v. Continental Insurance Co., 261 Mass. 360, at 361, 362.
It has always been held that the liability of the trustee is for whatever balance remains, if any, after there have been applied in set-off, whatever amounts are due the trustee from the defendant. Hathaway v. Russell, 16 Mass. 473, at 476, 479. Boston Type &c. Foundry Co. v. Mortimer, 7 *367 Pick. 166, at 168. Green v. Nelson, 12 Met. 567, at 573. Cavanaugh v. Merrimac Hat Co., 213 Mass. 384, at 385, 386.
It has been held, also, that where liability accrues to the trustee after service of the writ, growing out of an obligation in existence when the writ is served, the trustee is entitled to set it off against the credits in its hands.
“It has been argued that the trustee’s liability must depend upon the state of facts as it existed when the trustee process was served. This is not strictly correct. Some liability must exist at that time, in order to charge him, but that liability may be greatly modified and even discharged by subsequent events . . .. the trustee will have a clear right to deduct from the fund the amount paid by him, in pursuance of liabilities which existed at the time of the service, and thus the fund may be diminished or even wholly absorbed.” Shaw C. J. in Smith v. Stearns, 19 Pick. 20, at 23.
“If before final answer the debtor becomes indebted to the” trustee “on any contract entered into before the service of the writ, the latter shall have a right of set-off and be chargeable only with the final balance if any should be due, Boston Type &c. Foundry Co. v. Mortimer 7 Pick. 166, 168. Lannan v. Walter, 149 Mass. 14, at 15.”
Even after the service of the writ, a payment made by the trustee in good faith to the principal defendant, may be applied in reduction of the trustee’s liability. Thorne v. Matthews, 5 Cush. 544 at 545. Eddy v. O’Hara, 132 Mass. 56 at 61.
Where the trustee held funds due the principal defendants who had a contract with the trustee for the erection of buildings, and the trustee had been sued by persons who had sold building materials to the principal defendants, the actions being pending and the outcome uncertain, it was held that the trustee should be discharged. Cavanaugh v. Merrimac Hat Company, 213 Mass. 384, at 385, 386.
*368 The principle involved in the cases last cited has been distinctly set forth in several cases involving facts closely resembling those in the case at bar.
In Boston Type &c. Foundry Co. v. Mortimer, 7 Pick. 166 the trustee had endorsed for the principal defendant a note not yet due when the writ was served, but had paid it before the answer was filed. It was held that the trustee was entitled to apply this payment against the amount held by it when the writ was served.
In Smith v. Stearns, 19 Pick. 20, at 23, 24, after service of the writ in the trustee process, the trustee sued the principal debtor and recovered judgment. The court held that the trustee could set off not only the damages recovered, but also the costs of suit, for which no liability existed when the trustee writ was served.
In Lannan v. Walter, 149 Mass. 14 at 15, the trustee bank had funds of the principal debtor when the writ was served. It held, also, certain notes of the defendant, not then due, which it charged against the defendant’s account as the notes matured. It was held that it was entitled to this set-off.
In Sternheimer v. Harris, 253 Mass. 169, at 170, 171, the trustee bank held demand notes of the defendant upon which no demand had been made at the time the writ was served. After the service of the writ, it demanded payment of these notes and then charged them against the credits of the defendant. The court held that it could properly do this.
The rulings requested by the trustee definitely called the attention of the trial judge to the right of the trustee to set-off liabilities accruing after the service of the trustee writ. The denial of the requests, was prejudicial error. The only qualification recognized by the trial judge was in the case of bankruptcy, which is not an element in the case at *369 bar. A proper disposition of the requests in accordance with the principles set forth in the decided cases based on almost identical facts, would have required the denial of the plaintiff’s motion to charge the trustee.
The order charging the trustee is to be vacated and an order is to be entered discharging the trustee.