Keniston, G. J.
The plaintiff is seeking to charge the trustee upon its answer as trustee, its answers to interrogatories propounded to it by the plaintiff and upon supplementary allegations of fact filed by the plaintiff neither admitted nor denied by the trustee, the plaintiff having obtained a finding against the principal defendant upon which he has received nothing.
The writ in the action is dated December 12, 1938 and was served twice upon the trustee, the first service being made at 10:34 a. m., on December 13, 1938 and the second service on December 30, 1938. Thereafter the trustee answered, “that at the time of the first service of the plaintiff’s writ upon it, it had not in its hands or possession any goods, effects or credits of the defendant, except that it *294 had in its possession the amount of $1259.12, standing in the name of Buchanan & Co., which sum was applied by the trustee to a loan due it from the defendant; that at the time of the second service of the writ upon it, to wit, December 30, 1938, it had no goods, effects or credits in its hands or possession; that except as aforesaid, it had no goods, effects or credits in its hands or possession at the time of the service of either writ.”
From the answers of the trustee to the plaintiff’s interrogatories, it appears that on the morning of December 13, 1938, prior to the first service of the trustee writ, the defendant had a deposit account with the trustee standing in the name of Buchanan & Co., on which checks were signed by the defendant and countersigned by M. B. Buchanan in the amount of $3206.62; that at 10 a. m.,\ checks of $1509.38 were paid and that at 10:34 a. m., the time of service of the writ on that date, there was a balance of $1659.12, after deducting a $6.00 charge because of. the attachment and $28.12, for uncollected funds which balance it held against a loan of $3000.00. The loan of $3,000.00 to Buchanan & Co., was evidenced by a note dated November 16, 1938, due three months thereafter on February 15, 1939 secured by collateral consisting of 50 shares of the $3.00 preferred stock of a Delaware corporation with appropriate instruments of transfer in blank so that such shares were transferable and six bonds payable to bearer both as to principal and interest at a future date, and transferable by delivery by or to any holder thereof in the amount of $1000.00 each. The note provided that any deposits of the principal defendant held by the trustee may at all times at the option of the trustee be held and treated as collateral security for the payment of the note. On December 30, 1937, the note was paid in full by the principal defendant and the collateral was released, the $1659.12 held in the *295 account being, applied to the note and the balance of the $3,000.00 being paid in cash.
It also appears from the plaintiff’s allegations of facts and at the hearing on the plaintiff’s motion to charge the trustee that the principal defendant Clarence J. Lavin, during the entire time from November 16, 1938 until after December 30,1938, carried on his business under the name of Buchanan & Co., and was the sole owner thereof, that all of the collateral held by the trustee belonged to the principal defendant, subject only to the claim of the trustee to hold the same as security for the note of $3,000.00, that the trustee had possession of the securities during all said time, that at all times from November 18, 1938 to December 30, 1938, both dates inclusive, the value of the 50 shares of stock was in excess of $1650.00 and of the bonds in excess of $4200.
It further appears from the testimony of the assistant treasurer of the trustee at the hearing on the motion to charge the trustee, that the charge of $6.00 and of $1659.12 was made to the account of the principal defendant on the books of the trustee on December 13, 1938, shortly after the service of the writ on the trustee, that the charge of $6.00 was evidenced by a charge-slip bearing the legend “for attachments by George C. Jordan, Jr.”, the plaintiff, that the charge of $1659.12 was in respect of a check for that amount drawn by the treasurer of the trustee and made payable to the trustee, but charged to the checking account of the principal defendant on the books of the trustee, that neither the check for $1659.12 nor any part thereof was credited on the note of the principal defendant until December 30, 1938, that on December 30, 1938 the principal defendant paid by check or cash the balance of his note over and above the $1659.12 and received from the trustee his note for '$3,000.00 and all of his collateral security and that the trustee kept the check for $1659.12 drawn by its *296 treasurer and made payable to itself and did not return it with the statement of the principal defendant’s account for the month of Decémber 1938.
The attorney for the trustee produced the check on charge for $1659.12 and admitted that it bore the legend “Holding it for Mr. Jordan” stating, “That is the way we (meaning the trustee) hold it. If the principal on this loan should be paid we might hold this money for the writ. ’ ’
This report is based upon the denial of plaintiff’s motion to charge the trustee, the order of the court discharging the trustee, and following requests and rulings thereon:
“2. Where the trustee holds collateral security for the payment of an obligation of the defendant to it, General Laws (Tere. Ed.) Chapter 246 Sec. 26 does not give the trustee a right to retain or apply towards the defendant’s obligation; other funds so as to enable the trustee to later deliver the collateral security to the defendant.

No. See App. Div. Opinion Case #354141 Levine v. Gorovitz.

*

3. The trustee in this case had no right to retain the sum of $1659.12 and not apply this sum on account of the defendant’s note until a later time when the balance was paid and the security returned to the defendant.
'4. Bonds in form payable to bearer, such as those held by the trustee , as collateral security in the case at bar, are attachable by trustee process to the extent of the amount or value of such bonds that are not used to make payments when the obligation which they were given to secure is paid.

This obligation wasn’t paid at the time of service of writ.

5. The Pilgrim Trust Company should be adjudged a trustee in so far. as the bonds held by it for security for the note of Buchanan & Col were not applied in payment of the note which they were given to secure.

No. Value of security could be determined only at time debt due.

*297 6. If the charge of $1509.38 made to the credit balance of $3202.62, standing to the principal defendant’s account of the books of trustee at 10:00 a. m. on December 13, 1938, was for a check that was never paid and subsequently cancelled, and no other change in the said account occurred on December 13, 1938 until after the service of the writ in this action upon the trustee, then the said sum of $1509.38 were goods, effects and credits of the principal defendant in the hands of the trustee at the time of service of the writ as aforesaid, and the trustee is chargeable.

These are not facts. First check never was honored. Second check appears to have been honored before second writ was served and I so find.

7. The trustee at the time of the service of the writ in this action upon it held goods, effects and credits of the principal defendant to the amount of the excess of the sum of (1) all credits then standing on the principal defendant’s checking account with the trustee and (2) all amounts withheld from such account by the trustee to secure obligations of the principal defendant and (3) the amount or value of all bonds held by the trustee as collateral security for such obligations over the amount of such credits, withholdings and bonds actually used or applied to the payment of the principal defendant’s obligations to the trustee when the said obligations were paid.

No.

8. If the trustee took measures or steps to hinder, delay or defeat "the claim of this plaintiff by unnecessarily charging the checking account of the principal defendant with sums that would otherwise have been attachable in this trustee process and be held to respond to the plaintiff’s recovery in this action, then the trustee should be charged.

I do not find these facts.

9. On all the evidence the Pilgrim Trust Company should be charged as trustee of the principal defendant to the extent of $2564.83 and interest thereon at 6% per annum. from July 7, 1939, and the costs in this action taxable to the defendant or to the Pilgrim Trust Company.

No.”

*298 From the facts disclosed by the record the trustee at the time of the service of the writ had applied the balance of the deposit account of the principal defendant amounting to $1659.12 to the note of the principal defendant amounting to $3,000.00 and also held shares of stock of a value of $1650.00 and bonds of a value of $4200.00 as collateral security for the payment of the note. The plaintiff contends that the trustee should be held for the excess of the value of these three items above $3000.00 the amount to become due on the note.
The validity of the attachment is determined by the state of facts existing at the time of the service of the writ. Krogman v. Rice Brothers Co., 241 Mass. 295, 300, 302. O’Brien v. Collins, 124 Mass. 98. Hancock v. Colyer, 99 Mass. 187. Meacham v. McCorbitt, 2 Met. 352.
The trustee can retain or deduct from the goods, effects or cérdits in his hands all demands which he has against the principal defendant existing prior to the service of the writ. GK L. (Ter. Ed.) ch. 246, sec. 26. “Money cannot be attached by trustee process unless when service is made on the trustee it is due absolutely and without any contingency except that of time. ” Acushnet Saw Mills Co. v. St. Pierre, 1944 A. S. 1059. Krogman v. Rice Brothers Co., supra. The trustee ought not to be placed in a worse situation than he would be in if the principal defendant had sued him for the debt. Sternheimer v. Harris, 253 Mass. 169, 171. Lannan v. Walter, 149 Mass. 14.
Aside from the express provisions. of the note the trustee could set-off the balance of the deposit of the principal . defendant against his note. Laighton v. Brookline Trust Co., 225 Mass. 458. Bachrach v. Commissioner of Banks, 239 Mass. 272, 273. National Mahaiwe Bank v. Peck, 127 *299 Mass. 298. At the time of the first service of the writ the trustee had the right not only to apply the balance of the deposit but also to hold the collateral security for the payment of the note. The principal defendant could not have rightly demanded the payment of the deposit or the release of the security or any part of it. It is immaterial that the value of the security over and above the amount on deposit exceeded the face of the note. The value of the securities might not be the same at the time the note became due. “The rights of the plaintiff do not rise above or extend beyond those of the defendant, in whose place he stands, and he can assert only the rights of the latter.” Allin v. Georgas, 296 Mass. 71.
The trustee was under no obligation to the principal defendant to realize on the securities before applying the deposit to the note. Miller v. Levitt, 226 Mass. 330, 331. Whitwell v. Brigham, 19 Pick. 117, 121. Burnham v. Windram, 164 Mass. 313, 316. Nor was it required to first realize on the securities so as to leave the deposit to be held for the attachment. Gore v. Clisby, 8 Pick. 555. Lupton v. Cutler, 8 Pick. 298.
The holder of property subject to a lien cannot be charged as trustee for such property during the continuance of the lien. Andrews v. Ludlow, 5 Pick. 28.
The method or manner in which the trustee applied the principal defendant’s account to the note by a check drawn by its treasurer against it made payable to the trustee and charged to the checking account of the principal defendant with the legend, on the check, “Holding it for Mr. Holden” does not constitute an irrevocable appropriation by the trustee of the balance of the account for the benefit of the plaintiff nor a waiver of its right or lien to apply the sum on the note. The trustee could up until its final answer avail *300 itself of its right of set-off against the principal defendant for any indebtedness existing prior to the service of the trustee writ, and can only be charged with the final balance, if one should be due. Lannan v. Walter, supra and cases cited. Smith v. Stearns, 19 Pick. 20.
Moreover, since the repeal of B. L. chap. 177, secs. 46-51 by sec. 1 of chap. 531 of 1910 and the passage of sec. 2 of the same act now G. L. (Ter. Ed.) chap. 214, sec. 3, cl. 7, and the passage of chap. 171, sec. 13 of 1910 now G. L. (Ter. Ed.) chap. 223, sec. 71, shares of stock cannot be attached in an action at law and in our opinion these provisions apply to attachments by trustee process. Stockbridge v. Mixer, 227 Mass. 501, 509. Parkhurst v. Almy, 222 Mass. 27, 33. McCarthy v. Rogers, 295 Mass. 245, 246, 247. Todd v. Pearce, 291 Mass. 456. Nor do we see any essential distinction so far as attachment by trustee is concerned between bonds payable to bearer at a future date and other forms of choses in action such as notes, checks, drafts and bills of lading, which are not attachable by trustee process in the hands of third parties. Boston Sheridan Co. v. Sheridan Motor Car Co., 244 Mass. 425, 428, 429. Brown v. Florsheim Mercantile Co., 206 Mass. 373. Moors v. Goddard, 147 Mass. 287, 292. McCann v. Randall, 147 Mass. 81, 95. Hancock v. Colyer, 99 Mass. 187. Guild v. Holbrook, 11 Pick. 101. Gore v. Clisby, 8 Pick. 555. Lupton v. Cutler, 8 Pick. 298. Hopkins v. Ray, 1 Met. 79. Lane v. Felt, 7 Gray 491. Perry v. Coates, 9 Mass. 537. The Maine Fire and Marine Ins. Co. v. Weeks, 7 Mass. 438. Bowker v. Hill, 60 Me. 172. Smith v. Kennebeck etc. Ry. Co., 45 Me. 547.
The several requests and the rulings thereon, which form a part of this appeal have not been argued separately by the plaintiff aside from his main contention either in his *301 brief or orally and it seems unnecessary to comment upon them separately. Bequests numbered 3, 4, 6 and 8 were not ruled upon directly. We treated them as having been denied and see no error therein. Bequest numbered 6 is not in accordance with the facts disclosed by the record and was properly denied. Bequest numbered 8 was properly denied as there are no facts disclosed by the record which require a finding that the trustee acted in bad faith or sought to hinder, delay or defeat the claim of the plaintiff. The questions raised by the denial of the other requests seem to have been disposed of by the decision upon the plaintiff’s main, contention. Upon the facts disclosed upon the record the denial of the motion to charge the trustee and the order discharging the trustee were proper.
Beport dismissed.

The trial court’s rulings and findings on each of the plaintiff’s requests for rulings are-printed in italics following the request.