*Municipal Court of the City of Boston*
No. 326406
**M. J. BOROFSKY & SONS, INC.**
**v.**
**HARRY B. KAUFMAN & TR.**

*Lewiton, J.* This is an action of contract commenced by trustee writ dated April 18, 1951, in which the plaintiff sought to recover for goods sold and delivered to the principal defendant. Service was made on the trustee on April 24, 1951. In the trustee's original answer, and in its subsequent answers to interrogatories propounded by the plaintiff, the trustee said it held a deposit credit of $157.29 of the principal defendant, but it claimed the right to apply that sum to a loan due the trustee from the defendant.

The principal defendant was defaulted and thereafter the trial court entered an order denying a

motion filed by the plaintiff to charge the trustee. That order by the trial judge was vacated by the Appellate Division, which sent the case back so that further interrogatories and answers might be filed. (Vol. III, Legalite, No. 14, Page 6, May 21, 1952.)

Following the filing of additional interrogatories to the trustee and its answers thereto, the trial court allowed a new motion by the plaintiff to charge the trustee, and this report raises the question whether as matter of law the trustee could properly be charged.

From the trustee's original answer and its subsequent answers to interrogatories, it appeared that the trustee had made a loan to the defendant on January 5, 1951, and had on that date received from the defendant his promissory note for $750.00, payable at the rate of $30.00 per week, the entire amount payable by June 28, 1951. At the time of service of this writ upon the trustee the unpaid balance on said note was $300.00, and at the same time the defendant had on deposit in the trustee bank the amount of $157.29.

Normally, a bank may set off a debtor's deposit against a *matured obligation* of the debtor to it, but no such right exists in favor of a bank where the debtor's obligation to it is *unmatured* at the time of the attempted set-off. *Harding v. Broadway National Bank*, 294 Mass. 13, 18. *Putnam v. United States Trust Co.* 223 Mass. 199, 202. Nor does the bank, in the absence of specific agreement, have the right to hold such credit balance as security for payment of the depositor's unmatured note held by the bank. *Jordan v. Lavin*, 319 Mass. 362, 364.

The trustee did not assert any such agreement in this case. On the other hand it is well settled that if an outstanding loan from the trustee to the defendant-depositor be unmatured at the time service is made on the trustee, and if the obligation matures and remains unpaid prior to judgment against the trustee, the latter is entitled to a right of set-off, and to be chargeable only with the final balance if

any due from it to its debtor. *Smith v. Stearns*, 19 Pick. 20, 23; *Lannan v. Walter*, 149 Mass. 14, 15; *Sternheimer v. Harris*, 253 Mass. 169, 171; *Allin v. Georgas*, 296 Mass. 70, 72-3. In no part of the trustee's answer or its answers to interrogatories in this case does it appear that any part of this loan to the principal defendant was matured and unpaid at the time of service of the writ upon the trustee or at any time thereafter. On the contrary, notations on the back of the copy of the defendant's promissory note to the trustee, attached to the latter's answers to interrogatories, indicate that each required payment of $30.00 was made on its due date. The information thus contained in the sworn answer of the trustee is controlling and cannot be contradicted by a statement of counsel at the hearing on the plaintiff's motion to charge the trustee. *Kolda v. Nat'l-Ben Franklin Fire Ins. Co.* 290 Mass. 182, 187-8. *MacAusland v. Taylor*, 220 Mass. 265, 270.

The order charging the trustee was therefore correct. *Report dismissed.*

I. N. Borofsky, for the plaintiff.

S. L. Rosenthal, Francis T. Leahy, William B. Shevory, for the defendant.