WILLIAM B. LAIGHTON & ·another, executors, *vs.* BROOKLINE TRUST COMPANY.

Middlesex.    November 23, 1916. — January 4, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Bank.    Set-off.    Insolvency.    Executor and Administrator.*

In an action against a bank by the executor of the will of one who was a depositor with the defendant for the balance of an account made up in part of a balance which existed at the time of the death of the testator and in part of deposits made in the same account by the executor after the testator's death, where it appears that the estate had been declared insolvent and that there was due to the bank upon notes of the testator an amount in excess of the balance of the account as it was at the date of the death, the bank has a right to set off its claim against the balance as it stood at the time of the testator's death, but not against the funds deposited thereafter.

CONTRACT by the executors of the will of James A. Laighton for the amount of deposits made with the defendant subject to check.    Writ dated December 19, 1914.

The defendant filed a declaration in set-off claiming $1,900 and interest upon four promissory notes.

In the Superior Court the action was heard by *Irwin*, J., without a jury, upon an agreed statement of facts. Besides the facts which are stated in the opinion it appeared that the deposits made by the plaintiffs as executors in the account in question were the proceeds of life insurance policies on the life of the insured. The judge ruled that the defendant had the right to set off the amount of the deposit existing at the date of the testator's death against the notes, and had no right to set off the amounts subsequently added to the deposit by the executors, found for the plaintiffs in the sum of $1,907.32 and reported the case for determination by this court.

*W. D. Turner*, for the defendant.

*J. L. Harvey*, for the plaintiffs.

CROSBY, J. The plaintiffs are executors of the will of James A. Laighton who died on August 25, 1912. Upon that date he had a deposit with the defendant of $1,372.90, which deposit, after deducting $18.40 interest due the defendant, amounted to $1,354.50. At that time the testator owed the defendant the amount of four promissory notes, none of which was due or payable.

The plaintiffs, upon their appointment, instead of taking over the account or opening a new account as properly they should have done, made from time to time deposits to this account of funds belonging to the estate. On or about October 2, 1913, the plaintiffs wrote the defendant that the estate might prove insolvent, and on October 11 the defendant charged the amount of the notes with interest due thereon against the account, and notified the plaintiffs of its action by letter dated October 16, 1913. The estate is insolvent, and has been so represented in the Probate Court by the executors. The question is, whether the defendant can apply the deposit to payment of the notes due it, and if so, to what amount?

The plaintiffs contend that, as the estate is insolvent no part of the account can be applied to payment of the notes.

It is the contention of the defendant that it is entitled to apply so much of the account as is necessary to pay the notes, and that it is liable to the plaintiffs in this action only for the balance of the account.

It is well settled that funds on general deposit in a bank are the absolute property of the bank, that the relation between the par-

ties is that of debtor and creditor, and that the bank is entitled to apply the balance of the account due the depositor to the satisfaction of a debt due the bank from the depositor. *National Mahaiwe Bank* v. *Peck,* 127 Mass. 298, 301.

It is equally well settled that ordinarily a bank has a right to apply a deposit toward the payment of its claims against the depositor although the latter or his estate is insolvent. *Furber* v. *Dane,* 203 Mass. 108, 117. *Wiley* v. *Bunker Hill National Bank,* 183 Mass. 495, 497. *Clark* v. *Northampton National Bank,* 160 Mass. 26. *Boyden* v. *Massachusetts Life Ins. Co.* 153 Mass. 544. *Demmon* v. *Boylston Bank,* 5 Cush. 194.

We are of opinion that the defendant is entitled to apply the balance of the deposit as it existed at the date of the death of the testator.

In an action by or against an executor or administrator, the statute (R. L. c. 174, § 6) permits a defendant to set off a claim due to or from the testator or intestate, and the remaining question is, whether the amounts deposited by the plaintiffs after the testator's decease also can be set off in payment of the defendant's claim. The statute is doubtless remedial in its nature and is to be given a broad and liberal construction. Still we are of opinion that it ought not to be so interpreted as to allow a set-off of that part of the account which has been deposited by the plaintiffs of moneys belonging to the estate. We think that the right to set-off is limited to the balance of the deposit as it existed at the time of the testator's death. It could not successfully be contended that if, upon the appointment of the plaintiffs as executors, they had opened a new account and made deposits therein, the defendant could have set off its claim against such account. The funds of the estate deposited by the plaintiffs did not belong to the account standing in the name of the depositor, nor could they properly be credited to his account after his decease. Accordingly they are to be treated as if deposited in the name of the plaintiffs in their representative capacity. The deposits made by the plaintiffs stood upon an entirely different footing than did that part of the account which existed at the date of the testator's death. As to the account as it then stood, the right of the defendant to set-off was unimpaired notwithstanding his death.

We are of opinion that the judge of the Superior Court cor-

rectly ruled that the defendant's right to set-off was limited to the amount of the deposit at the date of the testator's death, and could not include the amounts added thereto by the executors. To hold otherwise would permit the defendant to obtain an inequitable preference which would be unjust to other creditors. It follows that judgment should be entered for the plaintiffs in the sum of $1,907.32, in accordance with the finding made by the judge, with interest.

*So ordered.*