LIONEL A. GRISE, JR. *vs.* FRANCIS H. WHITE.

Norfolk. October 7, 1966. — December 2, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Trustee Process.*

Where it appeared that on appeal in a suit in equity a decree for the payment of money to the plaintiff by a defendant company was not disturbed except that this court gave the trial court permission to grant a certain stay of levy of execution on the decree if, on facts to be determined by the trial court, it considered such stay reasonable, and that thereafter, before the trial court acted under this court's rescript, the company was summoned as trustee in an action commenced by trustee process against the plaintiff in the suit, it was held that such provision

---

[5] See Amory & Hardee, Materials on Accounting (3d ed. 1959) pp. 48, 49.

for a stay did not make the debt of the company under the decree subject to a "contingency" within G. L. c. 246, § 32, Fourth, at the time of service of the trustee process on the company.   [429]

The fact, that at the time of service of process on the trustee in an action commenced by trustee process the trustee held an assignment whereby it was possible, but not yet certain, that the trustee would have a set-off against indebtedness of the trustee to the defendant, did not make the trustee's indebtedness subject to a "contingency" within G. L. c. 246, § 32, Fourth.   [430]

Indebtedness of the trustee to the defendant in an action commenced by trustee process was not made subject to a "contingency" within G. L. c. 246, § 32, Fourth, by the fact that prior to the commencement of the action the defendant had assigned his claim against the trustee for the indebtedness to a third person.   [431]

CONTRACT.   Writ in trustee process in the Superior Court dated September 23, 1963.

A motion by the trustee to be discharged was allowed by *Sullivan, J.,* and the plaintiff excepted.

*Stuart DeBard* for the plaintiff.

*Allen Goodman,* for the defendant, submitted a brief.

*Waldo Noyes,* for the trustee, submitted a brief.

WHITTEMORE, J.   A special precept attaching the defendant White's funds in the hands of Universal Underwriters Insurance Company (Insurance Company) was served on May 29, 1964.   The trustee answered "[n]o funds" and was discharged on its motion on July 7, 1965.   The discharge was based on the trustee's answers to interrogatories and "certain statements the substance of which is . . . set forth" in the plaintiff's bill of exceptions.

At the time of the attachment there was pending a suit for an accounting and damages brought by White against Insurance Company and another corporation which we designate, in accordance with the bill of exceptions, as Universal Underwriters.   A final decree in that suit, entered on April 5, 1963, awarded to White against Insurance Company $7,500 and interest, a total of $8,747.50.   The decree was reversed in this court on appeal on April 21, 1964, because of errors in the accounting between White and Universal Underwriters.   The rescript, however, did not relate to the award against Insurance Company except in an as-

pect noted below.  In October, 1964, White, Insurance Company and Universal Underwriters agreed in the accounting suit that the latter two would pay White $30,000 upon the filing of appropriate documents to end the litigation.  On October 29, 1964, Insurance Company and Universal Underwriters filed a bill in equity to interplead various claimants to the $30,000 settlement sum including the present plaintiff.  So far as appears the interpleader suit is pending and the $30,000 has not been paid.

1.  The rescript of this court in the accounting suit (347 Mass. 367, 384) in so far as it dealt with the debt from Insurance Company to White did not make that debt at the time of service of the trustee process subject to a contingency under G. L. c. 246, § 32, Fourth.  The rescript reflected the following provision of the opinion: "Universal [Underwriters] and Insurance Company do not press their appeal as to . . . [the award of $7,500 and interest] provided the decree stays levy of execution pending White's paying whatever is found due Universal [Underwriters]. We see no error in the decree in this aspect.  The relationship between Universal [Underwriters] and Insurance Company is to be determined on remand, and if, in the light thereof, the judge in the Superior Court shall deem the requested stay reasonable, suitable provision therefor may be included in the decree."  This did not give Universal Underwriters any right to the amount due White from Insurance Company or lessen Insurance Company's legal obligation to pay it.  The instruction was permissive in terms; the stay requested might be made if the court below deemed it reasonable.  This permission could not affect the validity of an attachment of the fund in Insurance Company's hands made before the Superior Court had acted under the rescript.  There is nothing in the suggestion that Insurance Company and Universal Underwriters had given valuable consideration for an equitable assignment of the fund in consideration of waiving their appeal.  The wording of the opinion shows that a basis for the stay, if any, remained to be determined on facts to be ascertained.

2.  The trustee attachment was not defeated by a right of set-off[1] in Insurance Company.  On December 20, 1962, Universal Underwriters assigned to Insurance Company all of Universal Underwriters' "right, title and interest in and to any judgments and/or recoveries of any sort which (Universal Underwriters) may obtain in its favor against said White" in the accounting suit and in another suit.  Inasmuch as the decree awarding White a substantial recovery against Universal Underwriters had been reversed, the possibility existed that on a restatement of the account the net balance would be found to be due from White.  The assignment to Insurance Company would, we assume, entitle it to set off such an indebtedness from White against its own indebtedness to him.  *Smith* v. *Stearns*, 19 Pick. 20, 23–24.  *Lannan* v. *Walter*, 149 Mass. 14.  Whether a set-off would occur was not known at the time of the trustee attachment.  This, however, did not make Insurance Company's obligation to White subject to a contingency under c. 246, § 32, Fourth.  *Smith* v. *Stearns, supra,* illustrates the converse situation, holding that a trustee may set off a judgment rendered after service of the trustee process on a demand existing at the time of service.  Shaw, C.J., said: "It has been argued that the trustee's liability must depend upon the state of facts, as it existed when the trustee process was served.  This is not strictly correct.  Some liability must exist at that time, in order to charge him, but that liability may be greatly modified and even discharged, by subsequent events.  Suppose one indebted to the principal, is summoned as trustee, but he has various liens upon the fund, as for instance, to indemnify himself against suretyships and liabilities for the principal.  These liabilities may all be discharged and thus leave the fund subject to the attach-

[1] General Laws c. 246, § 26, reads: "A trustee may retain or deduct from the goods, effects or credits in his hands all demands against the defendant of which, had he not been summoned as a trustee, he could have availed himself by way of set-off on a trial or by the set-off of judgments or executions between himself and the defendant, and he shall be liable for the balance only after all mutual demands, excluding therefrom any claim on either side for unliquidated damages for wrongs or injuries, between him and the defendant have been adjusted."

ment; or they may be enforced in whole or in part, and then the trustee will have a clear right to deduct from the fund the amount paid by him, in pursuance of liabilities which existed at the time of the service, and thus the fund may be diminished, or even wholly absorbed.'' As it has turned out nothing is due from White and hence there is nothing to set off.

3. The existence of two assignments[2] from White to third parties of amounts recoverable in the accounting suit did not make the indebtedness from Insurance Company subject to a contingency under c. 246, § 32, Fourth.

The statute, c. 246, § 33, provides for the determination of an assignee's rights on the trustee's answers and any facts not stated or denied by the trustee.[3] Obviously the trustee could not be charged on its answer pending a determination of the extent of the assignees' rights. See *Ammidown* v. *Wheelock*, 8 Pick. 470, 472–473; *Allin* v. *Georgas*, 296 Mass. 70, 73–74. Compare *Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384, 386. It does not follow, however, that the trustee was entitled to a discharge on its answers merely because the answers disclosed claims of others, possibly sufficient to exhaust the amount of its debt to White. See *Nutter* v. *Framingham & Lowell R.R.* 131 Mass. 231; *Mortland* v. *Little*, 137 Mass. 339, 341. When a counterdemand exists at the time of service of the trustee process, the extent of that prior right at the time when the trustee is to be charged or discharged is controlling. *Smith* v. *Stearns*, 19 Pick. 20, 23–24.

---

[2] About December 1, 1960, the trustee received a letter from Cosmopolitan Mutual Insurance Company of New York reciting an assignment by White. On July 29, 1963, White assigned his expected recovery to one Slater. Slater thereafter notified the trustee that his assignment had been further assigned ''to one Bernard Martin'' and ''that this obligation has been subordinated to the obligations owed to'' Dennis Acceptance Corporation.

[3] Chapter 246, § 33, reads: ''If a person claiming, by assignment from the defendant or otherwise, goods, effects or credits in the hands of a supposed trustee enters an appearance, he shall be admitted as a party in order to determine his title to such goods, effects or credits, and may allege and prove any facts which have not been stated or denied by the supposed trustee. Such allegations shall be tried and determined as provided in section seventeen upon depositions or oral testimony as the court orders. If he does not voluntarily enter an appearance, the court may issue an order of notice to him.''

The bill of exceptions recites: ''The other claimants known to the trustee and Universal Underwriters were apprised of this trustee process . . . . [N]one has petitioned to intervene as claimant. The plaintiff in this action filed a motion to summon in said claimants but this motion has not been decided since it was considered to be premature.[4] '' We conclude that the intention was to permit determination whether on the facts disclosed by the trustee's answers it was entitled to be discharged.

4. For the reasons stated, the motion to discharge the trustee should not have been allowed. The extent of the prior rights of the assignees must be ascertained, and whether the trustee is chargeable, and for how much, determined accordingly. Whether that can more conveniently be done in the interpleader suit, and the results made applicable in this action by agreement of all parties, is of course for them to determine.

The entry is to be

*Exceptions sustained.*

---

[4] An examination of the original papers shows that the plaintiff's motion to summon in the assignees and to determine their rights and to charge the trustee was ''waived in open court.'' The bill of exceptions, having been assented to by all parties and allowed by the judge, establishes the basis of the waiver.