Kern, J.
Plaintiffs, Aileen Chang and Joe Chang (the “Changs”), filed suit against Interstate Brake Products, Inc. (“Interstate”), and served a summons for trustee process upon defendant, BankBoston, N.A. (“BankBoston”). BankBoston responded that it had “no goods, effects, or credits” which were subject to attachment. This response was made because, although Interstate had an account with a positive balance of $16,057.12, Interstate also had three overdrawn accounts and an outstanding loan which exceeded $16,057.12. Interstate owed BankBoston more money than BankBoston held in trust for Interstate.
The Changs claim they are entitled to recover from BankBoston pursuant to G.L.c. 246, §19 which provides that a trustee who “knowingly and wilfully swears falsely in his answer . . . shall be liable to the plaintiff in trustee process.”
BankBoston has filed a motion for summary judgment. For the reasons discussed below, BankBoston’s motion is ALLOWED.

BACKGROUND

Underlying this action, which the Changs bring as a class action, is a dispute between the Changs and Interstate, a former BankBoston customer. On May 29, 1998, the Changs filed an action in the Worcester *584 Superior Court against Interstate. On the same day, the Changs obtained an order for trustee process in the amount of $84,717.62 and a summons to trustee was served upon BankBoston.
It is undisputed that at the time BankBoston was served, Interstate had $16,057.12 on deposit with BankBoston in one account. Interstate also had three other accounts with BankBoston which were overdrawn in the aggregate amount of $4,491.45 and Interstate was in debt to BankBoston in excess of $1,300,000 under a loan agreement. The loan agreement provided, “[a]ny and all deposits or other sums at any time credited by or due from the Bank or any affiliate of the Bank to the Borrower [Interstate] shall at all times constitute Security for Obligations and may be set off against any Obligations at any time whether or not they are then due or other security held by the Bank is considered by the Bank to be adequate.” Loan Agreement at 14, §9(o).
BankBoston deducted the $16,057.02 in Interstate’s only positive account from Interstate’s debt. On June 2, 1998, BankBoston filed an answer to the trustee summons stating that it had no “goods, effects, or credits” of Interstate subject to attachment. BankBoston did not disclose the set-off it had made to the Interstate account.
DISCUSSION
I. Trustee’s Right to Set-Off.
The Changs allege that pursuant to G.L.c. 246, §10 which obligates the trustee to “disclose, plainly, fully and particularly what goods, effects or credits, if any, of the defendant were in the hands or possession of the trustee when he was served with process," Bank-Boston had no right to automatically deduct the deposits from the debts Interstate owed it and then report that it had no “goods, effects, or credits” of Interstate subject to attachment. The Changs argue that BankBoston’s policy of applying the set-off without disclosing the set-off in the trustee answer deprived the Changs the opportunity to investigate and/or litigate whether: 1) BankBoston in fact had a right of set-off: and 2) if BankBoston did have a right of set-off, whether that right superseded the Changs’ right to Interstate’s deposits. There is no legal support for the Changs’ claims.
As a matter of law, BankBoston had a right of set-off. G.L.c. 246, §26 states that a trustee “may retain or deduct from the goods, effects or credits in his hands all demands against the defendant of which, had he not been summoned as a trustee, he could have availed himself by way of set-off . . . and he shall be liable for the balance only after all mutual demands . . . between him and the defendant have been adjusted." Further, “[i]t is well settled that funds on general deposit in a bank are the absolute property of the bank, that the relation between the parties is that of debtor and creditor, and that the bank is entitled to apply the balance of the account due the depositor to the satisfaction of a debt due the bank from the depositor.” Laighton v. Brookline Trust Co., 225 Mass. 458, 458-59 (1917), citing National Mahaiwe Bank v. Peek, 127 Mass. 298, 301. Laighton makes it clear that as a matter of law a bank “is entitled to apply the balance of the account due the depositor to the satisfaction of a debt due the bank from the depositor.” 225 Mass. at 458-59.
Additionally, “if before final answer the debtor becomes indebted to the trustee on any contract entered into before the service of the writ, the latter shall have a right of set-off, and be chargeable only with the final balance, if one should be due.” Sternheimer v. Harris, 253 Mass. 169, 170 (1925) (emphasis added and internal quotations omitted). The terms of the loan agreement between Interstate and BankBoston gave BankBoston the explicit right of set-off. The Changs have not challenged the validity of the loan agreement, nor have they alleged that it came into existence after the trustee summons was served. The funds on deposit with BankBoston were the absolute property of BankBoston, the relationship was that of debtor and creditor, and as a matter of law BankBoston was entitled to apply the balance due to Interstate to the satisfaction of the debt Interstate owed BankBoston. The Changs argue that BankBoston’s policy denied them the right to litigate whether BankBoston’s right of set-off superseded their right to Interstate’s deposits. There is, however, no such right with respect to a bank. Laighton, 225 Mass. at 458-59.
The Changs allege that BankBoston answered the trustee process summons falsely by responding that it had no credit of Interstate which was subject to attachment. “[I]n order for a ‘credit’ to exist at the time of the service of the writ on the alleged trustee that is attachable by trustee process, there must be money due, though not necessarily payable, from the trustee to the defendant, absolutely and without contingency.” Jordan v. Lavin, 319 Mass. 362, 365 (1946). As discussed above, BankBoston was entitled to perform an accounting and apply a set-off of Interstate’s deposits in its possession against the debt owed to it by Interstate. When BankBoston determined that Interstate owed BankBoston more than Interstate had in its accounts, no credit existed because no money was due Interstate. BankBoston was, therefore, entitled to respond that it had no “goods, effects, or credits” of Interstate subject to attachment.
The Changs’ reliance on Grise v. White, 351 Mass. 427 (1966), is misplaced. The Changs cite Grise for the proposition that “after the trustee files its answer under oath, the issue of whether the trustee is entitled to set off such funds to secure its own position is a legal determination to be made by the court in the trustee action.” Plaintiffs Memo at 11. The Changs are correct, but this rule does not apply to the facts of this case. Grise v. White stands for the proposition that after the trustee summons is answered the plaintiff *585 has a right to challenge the substantive right of the trustee to set-off and that this determination is a legal issue for the court. The Changs, however, have not challenged the substantive right of BankBoston to set off. After BankBoston filed its answer, the Changs served interrogatories upon BankBoston and did not dispute the accuracy or authenticity of the accounting performed by BankBoston. What they have challenged is BankBoston’s policy of calculating set-off, reducing the amount of deposits in their possession by the set-off amount, and then asserting this amount in their answer to trustee process. As discussed above, as a matter of law, BankBoston has the right to do just that. Therefore, BankBoston is entitled to summary judgment.
II. Class Action Certification.
“[I]f the individual plaintiff may not maintain the action on their own behalf, they may not seek relief on behalf of a class action.” Doe v. Governor, 381 Mass. 702, 704-05 (1980) (citations omitted). The Changs cannot'maintain this action on their own behalf, therefore, they may not seek relief on behalf of a class action. The class action is dismissed.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendant’s Motion for Summary Judgment is ALLOWED.