AILEEN CHANG & another[1] *vs.* BANKBOSTON, N.A.[2]

No. 01-P-209.

Worcester. December 10, 2002. - May 14, 2003.

Present: GREENBERG, KASS, & GRASSO, JJ.

*Trustee Process. Practice, Civil,* Trustee process. *Set-Off. Bank. Words,* "Liquidated."

In a proceeding by the plaintiffs against a business customer seeking recovery of $84,717.62 and, through trustee process, seeking to attach deposits the customer had made with the defendant bank by holding the bank as trustee, in which the plaintiffs claimed that the bank answered falsely that it held no "goods, effects, or credits" belonging to the plaintiffs' customer, the judge properly allowed the bank's motion for summary judgment where the bank, which, at the commencement of the trustee process proceeding, was owed more than $1,300,000 under a loan agreement with the plaintiffs' customer, had a right of set-off equal to or exceeding the amount sought to be attached and was therefore entitled to answer "no funds." [113-116]

CIVIL ACTION commenced in the Superior Court Department on July 2, 1999.

The case was heard by *Leila R. Kern,* J., on a motion for summary judgment.

*Roger A. Cox (Edward F. Haber* with him) for the plaintiffs.

*Julia Frost-Davies (Serena D. Madar* with her) for the defendant.

KASS, J. In response to a trustee process summons, BankBoston, N.A. (Bank), answered that it held no "goods, effects, or credits" belonging to its customer, Interstate Brake Products, Inc. (Interstate). Aileen Chang and Joe Chang, who do business as Pioneer International Company, had brought an action against Interstate seeking recovery of $84,717.62 and, through trustee process, sought to attach deposits Interstate had made with the

[1] Joe Chang.
[2] Now known as Fleet National Bank.

Bank by holding the Bank as trustee. See G. L. c. 246, §§ 1, 10; Mass.R.Civ.P. 4.2, 365 Mass. 740 (1974).

The plaintiffs claim that the Bank answered falsely, and that Interstate had deposits of $16,057.12 with the Bank when the Bank received the trustee process summons. Although at the time of service of the trustee process summons, Interstate owed the Bank more than $1,300,000 under a loan agreement that gave the Bank a right of set-off, it is the position of the plaintiffs that a trustee in these circumstances is bound literally to report what assets of the defendant the trustee holds, even though the trustee has valid claims against assets of the defendant that the trustee holds in custody. To report no assets (a "no funds answer") when there are assets, the plaintiffs contend, is a false answer and, under G. L. c. 246, § 19, renders the trustee liable to the plaintiffs for the full amount due on any judgment the plaintiffs obtain against Interstate.[3]

A judge of the Superior Court, who considered the plaintiffs' claim on a defense motion for summary judgment, decided that the Bank's answer was consistent with and permissible under case law, and that the plaintiffs' reading of the pertinent statute was mechanical and mistaken. The judge allowed the motion for summary judgment, and judgment entered accordingly for the Bank. We affirm.

*Facts.* At the time of service of the trustee process summons, Interstate was a depositor and a borrower from the Bank. In its borrower capacity, Interstate had a line of credit from the Bank of $2,000,000. As noted previously, at the time of service of the trustee process summons, Interstate's balance of funds actually borrowed stood in excess of $1,300,000.[4] Under § 9(o) of the governing loan agreement:

> "Any and all deposits or other sums at any time credited by or due from the Bank or any affiliate of the Bank to the Borrower [Interstate] shall at all times constitute security

---

[3]By way of endowing their complaint with an additional whiff of danger, the plaintiffs included a count asserting a class action on behalf of others who have been disadvantaged by a "no funds" answer in similar circumstances.

[4]In addition, on three of four deposit accounts that Interstate had with the Bank, it was overdrawn to the tune of $4,391. The fourth account was the one that had $16,057 in it.

for Obligations and *may be set-off against any Obligations at any time whether or not they are then due* or other security held by the Bank [that] is considered by the Bank to be adequate" (emphasis added).

Section 3 of the loan agreement defines "Obligations" to include all loans, advances, and debts in favor of the Bank.

When the trustee process summons was served on the Bank, Interstate's debt to the Bank exceeded by a wide margin any assets it had on deposit. The bases for the Bank's no funds answer to the summons were its security interest and right of set-off. Its answer to the summons did not mention those grounds; it said:

> "And now BANKBOSTON, summoned as trustee of the principal defendant, Interstate Brake Products, Inc., in the above-entitled action, appears by Laurie DiGiandomenico, its Associate Process Specialist, and makes answer that at the time of service of the Plaintiff's Summons to Trustee upon the said BankBoston, it had not in its hands or possession any goods, effects, or credits of said defendant, and of this the said Laurie DiGiandomenico submits herself to examination under her oath."

The plaintiffs exercised rights to examine the trustee by written interrogatories, see G. L. c. 246, § 12, and discovered the facts we have recited about the $16,057 on deposit in one of four accounts that Interstate maintained at the Bank and the Bank's set-off against those funds.

*Discussion.* There has been a considerable accretion of case law which stands for this principle: if a trustee has a right of set-off at the time the trustee process summons arrives, equal to or exceeding the amount sought to be attached, the trustee may answer, "no funds." So it was that in *Smith* v. *Stearns*, 19 Pick. 20, 22 (1837), Chief Justice Shaw regarded it as "clearly held as the construction of the trustee process, that where one is chargeable in consequence of being the debtor of the principal, the question will be, whether he holds any balance upon a liquidation of all demands. In striking such balance he has a right to set off, from the debt which he acknowledges he owes the principal, any demand, which he might set off in any of the modes, allowed either by statute or common law, or in any

course of proceeding." In *Laighton* v. *Brookline Trust Co.*, 225 Mass. 458 (1917), the plaintiffs were executors who brought an action to reach funds of the testator on deposit with the defendant bank. The court observed "that the bank is entitled to apply the balance of the account due the depositor to the satisfaction of a debt due the bank from the depositor." *Id.* at 460.

The point was elaborated upon in *Reynolds* v. *Missouri, Kansas & Texas Ry.*, 233 Mass. 32, 35-36 (1919), decided under R. L. c. 189, § 25, the antecedent of the currently applicable G. L. c. 246, § 26, which we shall discuss presently. The court held that as to funds the trustee owed the defendant railroad, the trustee had a right of set-off, as of the day the trustee process writ was served, on account of demands the trustee had against the railroad company. "The scope and effect of this section enables the trustee to retain or set off in any lawful mode of adjustment between himself and his principal without regard to technical forms any or all moneys or demands except claims for unliquidated damages for wrongs or injuries." *Id.* at 36. In *Sternheimer* v. *Harris*, 253 Mass. 169, 170 (1925), a bank had deposits of $5,812.91 from the defendant Harris, against which it held notes from Harris aggregating $68,775.26. The trial judge thought that the bank could not set off the debt from Harris because it had not made demand on the notes at the time of service of the trustee summons. That reasoning has overtones of the position the plaintiffs have advanced in the instant case, i.e., that the trustee's right of set-off must have been exercised before the summons arrives. On appeal, the court in *Sternheimer* reversed the trial judge's order charging the trustee. It did so on the ground that the trustee could exercise its right of set-off before making its answer to the trustee process summons. *Id.* at 171.

Money that is susceptible to attachment must be due from the trustee to the defendant "absolutely and without any contingency." *Jordan* v. *Lavin*, 319 Mass. 362, 365 (1946). So long as the trustee bank in that case had the right to hold the defendant's deposits as security for a note from the defendant in favor of the bank, money was not due the defendant by the bank absolutely and without contingency. *Ibid.* Nothing was due from the defendant to the trustee, an insurance company, in

*Grise* v. *White*, 351 Mass. 427, 431 (1966), *S.C.*, 355 Mass. 698 (1969), and the trustee, therefore, was not properly discharged.

All this is enshrined in statute, G. L. c. 246, § 26, as appearing in St. 1973, c. 1114, § 268. The purpose of the 1973 amendments was largely to conform the predecessor form of the statute to the nomenclature of the then about-to-be adopted Massachusetts Rules of Civil Procedure. Those were the first alterations to the form in which the statute had appeared since R. L. 1902, c. 189, § 25. The currently applicable text, G. L. c. 246, § 26, is as follows:

> "A trustee may retain or deduct from the goods, effects or credits in his hands all liquidated demands or judgments against the defendant of which, had he not been summoned as trustee, he might have availed himself upon a trial or by the set-off of judgments or executions between himself and the defendant, and he shall be liable for the balance only after all mutual demands, excluding therefrom any claim on either side for unliquidated damages for wrongs or injuries, between himself and the defendant have been adjusted."

Of some interest to the case at hand is the insertion by the 1973 act of the adjective "liquidated" before the word "demands." Did this impose a requirement on the trustee when served that was not required under the decisional law? We do not think so. "Liquidated," used as an adjective in the language of the law, means "agreed upon as to amount by the parties, or fixed by operation of law, or under the correct applicable principles of law made certain in amount by the terms of the contract, or susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in the possession or knowledge of the party to be charged." *Cochrane* v. *Forbes*, 267 Mass. 417, 420 (1929). See Black's Law Dictionary 941 (7th ed. 1999), defining liquidated as settled or determined. It was always implicit in the cases that the trustee could not set off a claim against the debtor that was in dispute. Debt on a demand note, however, is classically capable of being calculated with precision, assuming, of course, no defenses to the note by the debtor, but none have been advanced or even suggested in the instant case.

The plaintiffs argue that, however solid the right of set-off is

at the time of service of the trustee process summons, the "no funds" answer is misleading because there *are* funds, albeit subject to set-off, and if the Bank answered to that effect, the plaintiffs could inquire as to the bona fides of the set-off. That is not persuasive. Under G. L. c. 246, § 12, a plaintiff may "examine the alleged trustee upon written interrogatories." Indeed, as previously noted, the plaintiffs in the case at bar did just that.

The Bank's motion for summary judgment was rightly allowed. As the plaintiffs may not maintain their action, the prayer for relief on behalf of a class, which is dependent, falls as well. *Doe* v. *The Governor*, 381 Mass. 702, 704-705 (1980).

*Judgment affirmed.*